Grainne Callan, Esq. (SBN 318962)
GRAINNE CALLAN, ESQ.
1030 E. El Camino Real #374
Sunnyvale, CA 94087
408-982-6224

Attorney for Defendant, Vyanca Soto

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIEH IRAVANIAN, individually, and on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSLATIONS.COM, INC., a Nevada Corporation; TRANSPERFECT, INC., a Nevada Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.: 4:22-CV-9157-JST**<br>*Removed from Santa Clara County Superior Court, Case No. 22cv407140*<br><br>**DECLARATION OF HANIEH IRAVANIAN**<br><br>Date:   April 6, 2023<br>Time:  2:00 p.m.<br>Dept:   Courtroom 6 |

Pursuant to 28 U.S.C. § 1746, I, Hanieh Iravanian declare:

1. I am over 18 years of age and am competent to make this declaration. I make this declaration based upon personal knowledge in opposition to Translations.com, Inc. and Transperfect, Inc.'s ("Defendants") motion to compel arbitration and to dismiss or, alternatively, stay.

2. I have resided in California at all times relevant to this action.

3. I was hired by Defendants on March 30, 2021, for a 40 hour per week full-time position, working normal business hours Monday through Friday.

4. My first day was April 5, 2021.

5. On April 5, 2021, Defendants presented me with an Independent Contractor Agreement for my signature.

**DECLARATION OF HANIEH IRAVANIAN OPPOSING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY** **-1-**

6. I did not draft the Independent Contractor Agreement and was not given an opportunity to negotiate its terms or obtain counsel.
7. I could either sign the agreement and work or decline to sign and find another job.
8. I signed the agreement on April 5, 2021.
9. At all times while working for Defendants, I resided in California and worked in California.
10. I reported to work at locations decided upon by Defendants, all of which were in the Bay Area.
11. My work hours were also decided upon by Defendants. Although initially I was hired to work regular business hours, Defendants frequently changed my schedule with little to no notice.
12. I was required to stay on business premises during work hours.
13. I also used Defendants' tools and equipment to do my work.
14. I believe the services I performed were part of Defendants' regular business. I am aware of others with my job title(s) who perform similar duties. I trained one such person to perform my job.
15. I was not allowed to delegate my work to others or provide services to others.
16. How I performed my work was also controlled by Defendants.
17. My job duties were the type which were traditionally performed by Defendants.
18. I regularly worked more than 40 hours per week for Defendants. I was paid only sporadically and never received overtime pay. Frequently, I was required to work off the clock.
19. Defendants failed to provide me the time or support for meal and rest breaks.
20. In August 2021, Defendants required me to train a white male coworker. I do not believe he was an independent contractor.

**DECLARATION OF HANIEH IRAVANIAN OPPOSING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY                     -2-**

1  I declare under penalty of perjury that the foregoing is true and correct.

2

3  Executed on February 23, 2022.   *Hanieh Iravanian*
                                    Hanieh Iravanian (Feb 23, 2023 20:05 EST)

4                                   Hanieh Iravanian

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF HANIEH IRAVANIAN OPPOSING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY** -3-