Grainne Callan (SBN 318962)
GRAINNE CALLAN, ESQ.
1030 E. El Camino Real #374
Sunnyvale, CA 94087
408-982-6224

Attorney For Plaintiff, Hanieh Iravanian

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

HANIEH IRAVANIAN, individually, and on behalf of herself and others similarly situated,

PLAINTIFF,

vs.

TRANSLATIONS.COM, INC., a Nevada Corporation; TRANSPERFECT, INC., a Nevada Corporation; and DOES 1 through 50, inclusive,

DEFENDANTS.

**Case No.: 4:22-CV-09157-JST**

**FIRST AMENDED COMPLAINT FOR:**
1. Late Payment of Wages (Cal. Lab. Code §§ 204 and 210);
2. Failure to Furnish Compliant Wage Statements (Cal. Labor Code §§ 226 and 226.3)
3. Failure to Pay Overtime Premium Wages Due (Cal. Labor Code §§ 510 and 1194)
4. Failure to Pay Earned Wages (Cal. Lab. Code §§ 204, 206, 218.5 and 218.6)
5. Failure to Provide All Wages Due Upon Termination of Employment – Waiting Time Penalties (Cal. Lab. Code § 203)
6. Failure to Provide Adequate Meal Periods and Rest Breaks (Cal. Lab. Code § 226.7)
7. Paid Sick Leave Act Violations (Cal. Lab. Code § 246
8. Failure to Indemnify Expenses (Cal. Lab. Code § 2802
9. Willful Misclassification (Cal. Lab. Code § 226.8)
10. Violation of California's Unfair Business Practices Act
11. Violation of the Fair Labor Standards Act for Non-Payment of Overtime
12. Discrimination (Cal. Gov. Code § 12940(a))
13. Failure to Prevent Discrimination in Violation of FEHA
14. Equal Pay Act Violations (Cal. Lab. Code § 1197.5)
15. Private Attorney General Act
16. Wrongful (Constructive) Termination in Violation of Public Policy

**DEMAND FOR A JURY TRIAL**

Plaintiff HANIEH IRAVANIAN complains of Defendants TRANSLATIONS.COM, INC.; TRANSPERFECT, INC., and DOES 1-50, inclusive, and alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    This is an action for violation of California's wage and hour laws.  PLAINTIFF alleges that DEFENDANTS, by and through any sole proprietors, owners, shareholders, officers, directors, members and manager agents, and alter egos, and Does 1 Through 50, inclusive, ("DEFENDANTS"):

- willfully misclassified PLAINTIFF as an independent contractor;
- failed to provide timely payment of wages;
- failed to pay earned wages;
- failed to pay PLAINTIFF overtime compensation;
- failed to provide PLAINTIFF meal and rest breaks and failed to pay PLAINTIFF meal and rest break compensation;
- failed to furnish PLAINTIFF compliant wage statements;
- violated the Paid Sick Leave Act;
- incurred waiting time penalties for failing to timely tender all wages owed to PLAINTIFF; and
- violated California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL").

2.    The foregoing acts and other acts by the DEFENDANTS violated provisions of California Labor Code, including but not limited to sections 98.6, 201, 202, 203, 204, 206, 207, 210, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 226.8, 246, 510, 512, 515, 558. 1174, 1174.5, 1198, and 2802, the UCL, applicable wage order, other laws and regulations and PLAINTIFF's rights.

3.    Venue is proper in this Court because the DEFENDANTS do substantial business in the County of Santa Clara, California, and the injuries and damages suffered by PLAINTIFF were the result of the actions and/or inactions of DEFENDANTS while PLAINTIFF was located in

the County of Santa Clara, California.

4.    The amount in controversy herein exceeds $25,000, and thus this matter is properly designated within the jurisdiction of this court.

5.    Plaintiff HANIEH IRAVANIAN ("IRAVANIAN" or "PLAINTIFF") is, and at all times relevant hereto was, a competent adult residing in the State of California.

6.    PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, TRANSLATIONS.COM, INC. ("TRANSLATIONS") and TRANSPERFECT, INC. ("TRANSPERFECT") portray themselves as one company. DEFENDANTS were and are Nevada Corporations with its principal place of business in New York, NY.  DEFENDANTS do business in California.

7.    DEFENDANTS are subject to Labor Code and other California law including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq*., and the applicable Wage Order(s) issued by the Industrial Welfare Commission.

8.    PLAINTIFF is informed and believes, and based thereon alleges, that there exists, and at all time relevant herein has existed, a unity of interest and ownership amongst all DEFENDANTS, such that any separateness and individuality between them have ceased, and are the alter-ego of DEFENDANTS, jointly and severally.  Adherence to the fiction of the separate existence of DEFENDANTS as an entity distinct from DEFENDANTS would permit abuse of any corporate privilege, sanction fraud, and promote injustice.

9.    At all times relevant herein, Employers and DOES 1-50 were PLAINTIFF'S employers, joint employers, and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001 and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code Section 558, and liable to PLAINTIFF on that basis.

10.    The acts and omissions giving rise to liability occurred in Santa Clara County, California.

11.    PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-50, inclusive, and therefore sues these DEFENDANTS by such fictitious names.

PLAINTIFF will amend this complaint to allege the true names and capacities of these fictitiously named DEFENDANTS when such information is ascertained.

12.    PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS, DOES 1-50, inclusive, is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S damages as herein alleged were proximately caused by the aforementioned DEFENDANTS, and each of them.

13.    PLAINTIFF is informed and believes and thereon alleges that, at all times herein mentioned each of the DEFENDANTS was the agent and employee of each of the remaining DEFENDANTS and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

14.    PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-50, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  PLAINTIFF is further informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS names as DOES 1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intend to cause and actually causing PLAINTIFF harm.

15.    PLAINTIFF is informed and believes and thereon alleges that, at all times herein mentioned each DEFENDANTS herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other defendant.

16.    Whenever and wherever reference is made in this complaint to any act or failure to act by a DEFENDANTS or CO-DEFENDANT, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANTS acting individually, jointly, and severally.

17.    PLAINTIFF is informed and believes, and based thereupon alleges, that at all times

relevant hereto, DEFENDANTS owned and operated a translation and global communication company in California.

18.     At all times relevant herein, DEFENDANTS and DOES 1–50 were PLAINTIFF's employers, joint employers, and/or special employers within the meaning of Government Code §§ 1296, subdivision (d), 12940, subdivisions (a), (h)(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court. DEFENDANTS exercised control over PLAINTIFF's wages, hours, or working conditions.

## FACTUAL ALLEGATIONS

19.     As set forth above, and throughout this complaint, DEFENDANTS engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the UCL, Cal. Bus. & Prof. Code §§17200, *et seq.*

20.     DEFENDANTS are a private employer with $562 million in revenue and self-describes itself as "the world's leading provider of technologies and services that simplify the process of creating and deploying multilingual content." DEFENDANTS have more than 5000 employees and 10,000 clients.

21.     On or around March 30, 2021, DEFENDANTS hired PLAINTIFF with an April 5, 2021, start date.  DEFENDANTS failed to provide PLAINTIFF with 2810.5 information regarding her employment.

22.     DEFENDANTS initially hired PLAINTIFF as a Project Coordinator based in DEFENDANTS' Bay Area office at a rate of $30 per hour for 40 hours per week, Monday to Friday, Business hours.

23.     Prior to her first day, DEFENDANTS switched PLAINTIFF's position from Project Coordinator to Project Moderator, with an increase in pay to $40 per hour.

24.     Prior to April 5, 2021, DEFENDANTS required PLAINTIFF to perform work off-the-clock for which she was not compensated.

25.     At the conclusion of this first project, PLAINTIFF worked additional projects.

26.     Additionally, PLAINTIFF was asked to work off-the-clock for shorter projects for

which she was not compensated.

27.    In or around August 2021, PLAINTIFF was asked to train a white American male to do her job.  Upon information and belief, this male person was not classified as an independent contractor, earned a higher hourly wage, was compensated for overtime, and was paid regularly. This male person had less education and experience than PLAINTIFF.

28.    PLAINTIFF would report to work and DEFENDANTS would change her schedule without proper compensation.

29.    DEFENDANTS would sporadically deposit PLAINTIFF's earned wages into her bank account without providing any wage statements. DEFENDANTS' payments did not include the overtime and double-time PLAINTIFF earned.

30.    PLAINTIFF is informed and believes, and on that basis, alleges DEFENDANTS knowingly and intentionally misclassified PLAINTIFF and other employees as independent contractors to avoid other requirements of employers under the California Labor Code and applicable Wage Order(s), including the requirement to pay overtime, and to provide rest and meal breaks.

31.    DEFENDANTS required PLAINTIFF to work overtime and double time and failed to properly compensate her for the hours she worked.

32.    DEFENDANTS failed to pay PLAINTIFF in a timely manner for hours worked.

33.    DEFENDANTS failed to provide PLAINTIFF any paid sick leave time or notice.

34.    DEFENDANTS failed to compensate PLAINTIFF with one hour of pay for missed, late or interrupted meal or rest break periods.

35.    DEFENDANTS required PLAINTIFF to use her own equipment (cell phone, lap top, internet, etc.) to discharge her duties to DEFENDANTS.  DEFENDANTS have failed to properly reimburse PLAINTIFF.

36.    To date, PLAINTIFF has not received all overtime wages and meal/rest break premiums owed to her at the time of termination.

## FIRST CAUSE OF ACTION
### Late Payment of Wages

[Cal. Labor Code §§ 204 and 210]

As a first, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

37.    The above-mentioned allegations contained in this complaint are hereby incorporated by this reference as if fully set forth again herein.

38.    Cal. Lab. Code § 204 states "Labor performed between the 1st and 15th days of any calendar month shall be paid between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and last day of any calendar month, shall be paid for between the 1st and 10th day of the following month."

39.    Cal. Lab. Code § 210 states "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to" the following penalties: $100 for the initial violation and $200 plus 25% of each subsequent violation.

40.    Notwithstanding the requirements of Cal. Lab. Code § 204, DEFENDANTS routinely refused to timely pay PLAINTIFF her earned wages.

41.    DEFENDANTS committed the acts alleged herein knowingly and willfully.

42.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from DEFENDANTS' violations of the California Labor Code.

43.    DEFENDANTS' non-payment of earned wages for labor performed as required by Cal. Lab. Code § 204 has necessitated that PLAINTIFF bring this action for non-payment of wages, thereby entitling PLAINTIFF to an award of reasonable attorneys' fees and costs as provided by Cal. Lab. Code § 218.5.

44.    DEFENDANTS' non-payment of earned wages for labor performed as required by Cal. Lab. Code § 204 entitles PLAINTIFF to recover the amount of any unpaid wages and to an

"award [of] interest on all due and unpaid wages at the rated of interest specified in subdivision (b) of § 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable …" as provided in Cal. Lab. Code § 218.6.

45.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Furnish Compliant Wage Statements**
[Cal. Labor Code §§ 226 and 226.3]

As a second, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

46.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

47.    DEFENDANTS failed to provide PLAINTIFF with timely and accurate wage statements pursuant to Labor Code § 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate units earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing PLAINTIFF (Cal. Lab. Code § 226(a)(8)); all applicable hourly rates in effect during each pay period and the corresponding number of hour worked at each hourly rate (Cal. Lab. Code § 226(a)(9)).

48.    Cal. Lab. Code § 226(e) provides that if an employer knowingly and intentionally fails to furnish an accurate itemized wage statement, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.00.

49.    DEFENDANTS failed to provide wage statements to PLAINTIFF.

50.    DEFENDANTS failed to furnish accurate itemized wage statements at the time of each

payment of wages to PLAINTIFF by failing to accurately show "(1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…."

51.    PLAINTIFF suffered injuries as a result of DEFENDANTS' knowing and intentional failure to furnish, at the time of each payment of wages, an accurate itemized statement in writing showing gross wages earned, total hours worked during the pay period, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, thereby entitling PLAINTIFF to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurred and $100 for each violation in the subsequent pay period up to $4,000, plus an award of costs and reasonable, attorneys' fees, pursuant to Cal. Lab. Code § 226(e).

52.    DEFENDANTS are liable for statutory penalties and civil penalties pursuant to Labor Code §§ 226, 226.3, and 558 and the other applicable laws and regulations.

53.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Premium Wages Due**
[Cal. Labor Code §§ 510 and 1194]

As a third, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

54.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

55.    It is unlawful under California law for an employer to require, suffer, or permit an employee to work in excess of eight hours per workday or 40 hours per workweek without paying premium wages under Cal. Lab. Code § 510 and applicable Wage Orders.

56.    At all times during their employment with DEFENDANTS, PLAINTIFF was an hourly paid non-exempt employee spending well in excess of half her work time performing non-exempt work. PLAINTIFF's work duties did not qualify her as exempt from overtime wages.

57.     Pursuant to Cal. Lab. Code § 510, "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek ... shall be compensated at the rate of no less than one-and-one half times the regular rate of pay for the employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee ..."

58.     Pursuant to Cal. Lab. Code § 1194, "any employee receiving less than … the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

59.     Pursuant to IWC Wage Order No 4-2001, § 3, "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

60.     PLAINTIFF routinely worked well in excess of eight hours per day during the workweek and greater than 40 hours in a week.

61.     During the time PLAINTIFF was employed by DEFENDANTS, she was not paid overtime compensation as required by California wage/hour law for all hours worked.

62.     DEFENDANTS failed to pay its employees, including PLAINTIFF, for overtime calculated on a weekly basis.

63.     DEFENDANTS failed to pay its employees, including PLAINTIFF, for overtime calculated on a daily basis.

64.     DEFENDANTS failed to pay PLAINTIFF properly for overtime, and have failed and continue to fail to properly compensate Plaintiffs for all overtime hours worked under California law.

65.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the Cal. Lab. Code.

66.     DEFENDANTS' non-payment of earned wages for labor performed as required by Cal. Lab. Code § 204 has necessitated that PLAINTIFF bring this action for non-payment of wages, thereby entitling PLAINTIFF to an award of reasonable attorneys' fees and costs as provided by Cal. Lab. Code § 218.5.

67.     DEFENDANTS' non-payment of earned wages for labor performed as required by Cal. Lab. Code § 204 entitles PLAINTIFF to recover the amount of any unpaid wages and to an "award [of] interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of §3289 of the Civil Code  which shall accrue from the date that the wages were due and payable...." as provided in Cal. Lab. Code § 218.6.

68.     WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Earned Wages**
[Cal. Labor Code §§ 204, 206, 218.5, and 218.6]

As a fourth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS , and each of them, and for a cause of action alleges:

69.     The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

70.     An employee who is discharged must be paid all of her wages, including accrued vacation, immediately at the time of termination.  Cal. Lab. Code §§ 201 and 227.3 Cal. Lab.

71.     At the time of PLAINTIFF's discharge, she had unpaid wages.  DEFENDANTS failed to pay the total wages due and owed, in amounts to be proven at the time of trial.

72.     DEFENDANTS' failure to pay PLAINTIFF the wages due and owed was willful, and done with the wrongful and deliberate intention of injuring PLAINTIFF from improper motives amounting to malice and in conscious disregard of PLAINTIFF's rights.  PLAINTIFF is

therefore entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

73.    DEFENDANTS' willful failure to pay PLAINTIFF the wages due and owing her constitutes violations of Cal. Lab. Code §§ 201 and 203, which provides that an employee's wages will continue as a penalty for up to 30 days from the time the wages were due. Therefore, PLAINTIFF is entitled to statutory penalties pursuant to Cal. Lab. Code § 203.

74.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties**
[Cal. Labor Code §§ 201 through 203]

As a fifth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

75.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

76.    An employee who is discharged must be paid all of her wages, including accrued vacation, immediately at the time of termination.  Cal. Lab. Code §§ 201 and 227.3 Cal. Lab. Code § 203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by § 201, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

77.    PLAINTIFF's last day of employment was August 20, 2021.  At the time of filing this complaint, PLAINTIFF has yet to receive all wages earned.

78.    Cal. Lab. Code § 203 states, "If an employer willfully fails to pay, without abatement or reduction, in accordance with § § 201... [and] 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the/due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

79.    By failing to compensate PLAINTIFF as required by California law, as set forth above-including but not limited to DEFENDANT'S failure to properly pay PLAINTIFF wages for all hours worked when due, overtime wages, minimum wages, and additional wages for non-

compliant meal periods and rest breaks-DEFENDANTS has willfully failed and continue to fail to pay all accrued wages and other compensation to Plaintiffs in accordance with Cal. Lab. Code § 201.

80.    As a direct and proximate result of DEFENDANT'S unlawful conduct as alleged herein, PLAINTIFF has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial.

81.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Adequate Meal Periods and Rest Breaks**
[Cal. Labor Code §226.7]

As a sixth, separate and distinct cause of action, PLAINTIFF complains against defendants, and each of them, and for a cause of action alleges:

82.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

83.    At all times during her employment with DEFENDANTS, PLAINTIFF was an hourly paid non-exempt employee spending well in excess of half her work time performing non-exempt work. PLAINTIFF's work duties did not qualify her as exempt from overtime wages.

84.    Applicable IWC Wage Orders provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, and that rest periods of at least ten (10) minutes must be provided to employees per four (4) hours of work or major fraction thereof. Applicable IWC Wage Orders and Labor Code § 512 provide that that no employer shall employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes. Labor Code § 226.7 provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

85.    Applicable IWC Wage Orders and Labor Code § 226.7 further provide that if an employer fails to provide an employee with a required meal or rest period, the employer shall pay the employee one (1) hour's wages at the employee's regular rate of compensation for each

workday that a meal period is not provided, and one (1) hour's wages at the employee's regular rate of compensation for each workday that a rest break is not provided.

86.    PLAINTIFF was not provided with her statutorily-mandated, thirty (30) minute uninterrupted meal periods during her first five (5) hours of work. Further, PLAINTIFF was not provided with her statutorily-mandated, uninterrupted rest breaks.

87.    DEFENDANTS failure to provide meal and rest periods is a violation of applicable IWC Wage Orders and Labor Code § 226.7. PLAINTIFF is therefore entitled to receive all wages due for Defendants' failure to provide these required meal periods and rest breaks.

88.    As a direct and proximate result of DEFENDANTS' misconduct, PLAINTIFF has suffered damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

89.    PLAINTIFF was required to retain attorneys to bring this action and is entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 218.5.

90.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Failure to Comply with Paid Sick Leave Requirements**
[Cal. Lab. Code §§ 245-249]

As a seventh, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

91.    The above-mentioned allegations contained in this complaint are hereby incorporated by this reference as if fully set forth again herein.

92.    In 2014, the State Legislature enacted the Healthy Workplaces, Healthy Families Act of 2014 ("HWHF Act"), under which any employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year of commencement of employment is entitled to paid sick days as specified at Cal. Lab. Code §§ 246-246.5. The HWHF Act further requires, at Cal. Lab. Code § 247.5, that every employer maintain records of hours worked and paid sick leave accrued and used by its employees, and provide such information to its employees on itemized wage statements each time wages are paid, and not

less than twice per month.

93.    DEFENDANTS failed to provide this information.

94.    Cal. Lab. Code § 248.5(e) provides available relief for violations shall include the payment of liquidated damages for each employee in the amount of $50 for each day that the employee's rights under HWHF was violated.

95.    As a consequent of DEFENDANTS' violations of the HWHF Act, DEFENDANTS is liable for liquidated damages payable to PLAINTIFF.

96.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Indemnify Expenses**
[Cal. Lab. Code § 2802]

As an eighth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

97.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

98.    Cal. Lab. Code § 2802 (a) provides:
    An employer shall indemnify his or her employee for all necessary expenditures
    or losses incurred by the employee in direct consequence of the discharge of his
    or her duties, or of his or her obedience to the directions of the employer, even
    though unlawful, unless the employee, at the time of obeying the directions,
    believed them to be unlawful.

99.    DEFENDANTS did not reimburse PLAINTIFF for necessary expenditures, including but not limited to the cost of personal cell phone use, personal lap top use, home internet use, home printer use, and other expenses.

100.    As a direct and proximate result of DEFENDANTS' willful failure to reimburse PLAINTIFF, she has been injured in an amount to be proven at trial.

101.    PLAINTIFF is entitled to recover reimbursement for these necessary expenditures, and to recover her costs, interests, attorneys' fees, and penalties permitted under California law.

102.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**NINTH CAUSE OF ACTION**

Plaintiff's First Amended Complaint                                        **-15-**

**Willful Misclassification**
[Cal. Labor Code § 226.8]

As a ninth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

103.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

104.    As alleged herein, DEFENDANTS violated section 226.8 by intentionally and willfully misclassifying PLAINTIFF as an independent contractor despite her status as an hourly employee of DEFENDANTS.

105.    At all times relevant herein, DEFENDANTS supplied the places of work for PLAINTIFF, retained right to control the manner and means of PLAINTIFF, retained the right to discharge PLAINTIFF, and the services provided by PLAINTIFF were an integral part for the regular business of DEFENDANTS.

106.    Moreover, DEFENDANTS provided instructions to PLAINTIFF about when, where, and how to perform services, and exercised pervasive control over her work as a whole.

107.    PLAINTIFF rendered service personally to DEFENDANTS and was not permitted to delegate the work to others, and devoted full time or substantially full time to the business of DEFENDANTS, was required to submit reports to DEFENDANTS, was required to perform services of DEFENDANTS' on DEFENDANTS' business premises, and was required to remain on the business premises during work hours.

108.    PLAINTIFF had no investment in the facilities, could not realize a profit or loss as a result of her services, and was not permitted to provide services to other businesses or the general public other than DEFENDANTS' business.

109.    Although PLAINTIFF was clearly DEFENDANTS' employee, in order to evade the requirements of the Labor Code and regulations and to evade taxation, DEFENDANTS willfully misclassified PLAINTIFF as an independent contractor through coercion, fraud, or misrepresentation.

110.    Under Cal. Lab. Code § 226.8(b) DEFENDANTS shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars

($15,000) for each violation, in addition to any other penalties or fines permitted by law.

111.    Under Cal. Lab. Code § 226.8(c) DEFENDANTS shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

112.    Under Cal. Lab. Code 2753(a), "[a] person who, for money or other valuable consideration knowingly advises an employer to treat an individual as an independent contractor to avoid employee status for that individual shall be jointly and severally liable with the employer if the individual is found not to be an independent contractor."

113.    DEFENDANTS and Doe DEFENDANTS, for valuable consideration, have advised DEFENDANTS to classify PLAINTIFF as an independent contractor, and therefore should be jointly and severally liable.

114.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**TENTH CAUSE OF ACTION**
**Unfair, Unlawful, or Fraudulent Business Practices**
[Cal. Business & Professions Code § 17200, et seq.]

As a tenth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

115.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

116.    DEFENDANTS are a "person" as defined by California Business & Professions Code § 17201, as they are corporations, firms, partnerships, join stock companies, and/or associations.

117.    California Business and Professions Code § 17200, et seq., (the "UCL") prohibits unfair competition, including but not limited to any unlawful, unfair, or fraudulent business practices.

118.    California Labor Code § 90.5(a) provides that it is the public policy of the state of California to vigorously enforce labor standards in order to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those (such as DEFENDANT) who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

119.    Pursuant to Business and Professions Code § 17203, this Court may order DEFENDANTS to pay the full amounts wrongfully withheld.

120.    PLAINTIFF's success in this action will enforce important rights affecting the public interest and therefore PLAINTIFF sues both individually and on behalf of the public.

121.    DEFENDANT'S policies and practices, as set forth above, violate the UCL. DEFENDANT'S practices described in this Complaint are unlawful. DEFENDANT'S practices are also unfair, in that they are unethical, unscrupulous, and substantially injurious to consumers such as PLAINTIFF and members of the general public to the extent that the harm caused outweighs any extant utility.

122.    PLAINTIFF is entitled to equitable restitution of monies due and owing as a result of DEFENDANT'S unlawful and unfair conduct (including interest thereon), and to injunctive relief, as well as all other equitable relief required to remedy DEFENDANT'S unlawful and unfair conduct.

123.    The unlawful and unfair business practices engaged in by DEFENDANTS presents a continuing threat to the public, in that consumers throughout California have suffered and continue to suffer harm, including unpaid wages due. DEFENDANTS has been unjustly enriched as a result of its conduct. PLAINTIFF and members of the general public have no other adequate legal remedy in the absence of equitable relief from the Court. DEFENDANTS is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest if their conduct is not halted; thereby engendering a multiplicity of judicial proceedings. Pursuant to California Code of Civil Procedure § 1021.5, PLAINTIFF's enforcement of important rights affecting the public interest through this action entitles PLAINTIFF to an award of attorneys' fees, and, in the interest of justice, such fees should not be paid out of PLAINTIFF's recovery.

124.    PLAINTIFF requests that this Court issue a preliminary and permanent injunction prohibiting DEFENDANTS from engaging in the practices described above and prohibiting DEFENDANTS from violating the California Labor Code and Wage Orders now and in the future.

125.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**Plaintiff's First Amended Complaint**                                    **-18-**

1

2

3

**ELEVENTH CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act for Non-Payment of Overtime**
[29 U.S.C. § 203]

4    As an eleventh, separate and distinct cause of action, PLAINTIFF complains against

5    DEFENDANTS, and each of them, and for a cause of action alleges:

6    126.    The above-mentioned allegations of this complaint are hereby incorporated by this

7    reference as if fully set forth again herein.

8    127.    29 U.S.C. § 203(s) states that the provisions of the FLSA applies to all entities,

9    institutions, or businesses which employ persons involved in interstate commerce and whose

10   annual gross volume of sales is not less than $500.00.

11   128.    PLAINTIFF is informed and believes and thereon alleges that at all relevant times, each

12   DEFENDANTS has been, and continues to be, an "employer" engaged in interstate

13   "commerce"  within the meaning of the FLSA, 29 USC § 203. At all relevant times,

14   DEFENDANTS  employed PLAINTIFF. At all relevant times, DEFENDANTS had gross

15   operating revenues in excess of $500,000.

16   129.    At all relevant times herein, PLAINTIFF's employment with DEFENDANTS was

17   subject to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§

18   201, et seq. ("FLSA") by virtue of defendants' direct involvement in interstate commerce.

19   130.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS is an

20   "enterprise engaged in commerce" as those terms are defined in the statute and as interpreted by

21   courts, and therefore DEFENDANTS is subject to, and must comply with, the provisions of the

22   FLSA. Further, during the employment periods, PLAINTIFF used interstate instrumentalities of

23   commerce as a regular and recurrent part of her employment duties.

24   131.    29 U.S.C. § 207, requires all employees to be paid overtime compensation for work

25   performed in excess of forty hours per week, unless specifically exempted by the law.

26   132.    Although PLAINTIFF was not exempt during her employment with DEFENDANT,

27   DEFENDANTS knowingly caused and permitted PLAINTIFF to regularly work in excess of 40

28   hours per week without paying PLAINTIFF one and one-half times PLAINTIFF's regular rate

of pay. DEFENDANTS was fully aware of the hours worked by and the duties assigned to PLAINTIFF.

133.    By not paying overtime compensation in compliance with the FLSA, DEFENDANTS violated PLAINTIFF's rights under 29 U.S.C. §§ 201, et seq.

134.    DEFENDANTS intentionally or recklessly failed to pay PLAINTIFF her proper compensation, and thus DEFENDANTS is liable to PLAINTIFF for liquidated damages in an amount equal to unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b) of the FLSA.

135.    PLAINTIFF was required to retain an attorney for bringing this action and is entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

136.    PLAINTIFF seeks damages in the amount of her respective unpaid overtime compensation, and liquidated damages, attorney's fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

137.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**TWELFTH CAUSE OF ACTION**
**Discrimination**
[Cal. Gov. Code § 12900 et seq., 12940 (a)]

        As a twelfth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

138.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

139.    The California Fair Employment and Housing Act (FEHA) prohibits discrimination "in compensation or in terms, conditions, or privileges of employment" based on race, national origin, and gender. Cal. Government Code Section 12940(a).

140.    As a business operating in California with at least five employees, DEFENDANTS was subject to FEHA.

141.    As provided above, PLAINTIFF was DEFENDANT'S employee.

142.    DEFENDANTS subjected PLAINTIFF to discriminatory working conditions and

benefits.

143.    PLAINTIFF is an Iranian woman who practices Islam.

144.    DEFENDANTS knew PLAINTIFF was an Iranian-American woman who practices Islam.

145.    PLAINTIFF's race, national origin, religion, and/or gender was the motivating reason for DEFENDANTS' discrimination against PLAINTIFF in terms, conditions, or privileges of employment, as alleged above in violation of Cal. Government Code Section 12940(a).

146.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been harmed in that she has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary, and benefits, and the intangible loss of employment related opportunities all in an amount according to proof at the time of trial.

147.    As a proximate result of the wrongful acts of DEFENDANT, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. PLAINTIFF has experienced emotional, mental, and physical symptoms arising from the wrongful acts of DEFENDANTS and has required medical attention and treatment for said symptoms. PLAINTIFF is informed and believes and thereon alleges that she will continue to experience emotional and physical suffering for a period of time in the future she cannot presently ascertain. PLAINTIFF has suffered past, present, and future damages in an amount to be shown according to proof at the time of trial.

148.    PLAINTIFF filed a complaint of discrimination with California's Civil Rights Department (hereinafter "CRD").  PLAINTIFF has exhausted her administrative remedies, received her Notices of Right to Sue Letter, and timely files this action. A true and correct copy of this letter is attached hereto, marked as Exhibit A, and incorporated by this reference herein.

149.    As a proximate result of the wrongful acts of DEFENDANTS PLAINTIFF has been forced to hire Grainne Callan, Esq. to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, PLAINTIFF request attorney's fees and costs under Government Code section 12965, subdivision (b).

150.    The above recited actions of DEFENDANTS were done with malice and oppression and in reckless disregard of PLAINTIFF's rights under the Fair Employment and Housing Act ("FEHA"), in that DEFENDANTS engaged in such despicable conduct in order to cause injury to PLAINTIFF and to subject her to cruel and unjust hardship and conscious disregard of her rights. Moreover, DEFENDANTS and each of its acts and omissions in continuing, confirming, and ratifying said conduct, was done with the knowledge that PLAINTIFF's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the consequences to PLAINTIFF. Thus, an award of punitive damages in an amount to be determined at trial is justified against DEFENDANT.

151.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### THIRTEENTH CAUSE OF ACTION
**Failure to Take Reasonable Steps to Prevent Discrimination From
Occurring in Violation of FEHA**
[Govt. Code § 12900, et. seq.]

As a thirteenth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

152.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

153.    Before the discriminatory treatment, as alleged above, DEFENDANTS failed to take all reasonable steps to prevent such discrimination from occurring. Thus, DEFENDANTS' conduct violated Government Code section 12940, subdivision (k).

154.    As a proximate result DEFENDANTS' wrongful acts of, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. PLAINTIFF has experienced emotional, mental, and physical symptoms arising from the wrongful acts of DEFENDANTS and has required medical attention and treatment for said symptoms. PLAINTIFF is informed and believes and thereon alleges that she will continue to experience emotional and physical suffering for a period of time in the future she cannot presently ascertain. PLAINTIFF has suffered past, present, and future damages in an amount to be shown

according to proof at the time of trial.

155.    The above-recited actions of DEFENDANTS were done with malice and oppression and in reckless disregard of PLAINTIFF's rights under the Fair Employment and Housing Act ("FEHA"), in that DEFENDANTS engaged in such despicable conduct in order to cause injury to PLAINTIFF and to subject her to cruel and unjust hardship and conscious disregard of her rights. Moreover, DEFENDANTS and each of its acts and omissions in continuing, confirming, and ratifying said conduct, was done with the knowledge that PLAINTIFF's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the consequences to PLAINTIFF. Thus, an award of punitive damages in an amount to be determined at trial is justified against DEFENDANTS.

156.    As a result of DEFENDANTS' wrongful acts, PLAINTIFF has been forced to hire Grainne Callan, Esq. to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, PLAINTIFF request attorney's fees and costs under Government Code section 12965, subdivision (b).

157.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## FOURTEENTH CAUSE OF ACTION
### Equal Pay Action Violations
[Cal. Lab. Code § 1197.5]

As a fourteenth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

158.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

159.    Cal. Lab. Code § 1197.5 states an employer shall not pay any of its employees at wage rates less than the rates paid to employees of the opposite sex or  of another race or ethnicity.

160.    By virtue of the foregoing, DEFENDANTS have paid PLAINTIFF at a wage rate less than the rate paid to employees of another gender and another race.

161.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

distress. PLAINTIFF has experienced emotional, mental, and physical symptoms arising from the wrongful acts of DEFENDANTS and has required medical attention and treatment for said symptoms. PLAINTIFF is informed and believes and thereon alleges that she will continue to experience emotional and physical suffering for a period of time in the future she cannot presently ascertain. PLAINTIFF has suffered past, present, and future damages in an amount to be shown according to proof at the time of trial.

162.    As a result of DEFENDANTS' wrongful acts, PLAINTIFF has been forced to hire Grainne Callan, Esq. to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, PLAINTIFF request attorney's fees and costs under Government Code section 12965, subdivision (b).

163.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## FIFTEENTH CAUSE OF ACTION
### California Private Attorney General Act
[Cal. Lab. Code § 2699]
(By Plaintiff and Behalf of All Aggrieved Current/Former Employees Against All Defendants)

164.    PLAINTIFF incorporates by reference all preceding paragraphs as though fully set forth herein.

165.    The California Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq. allows an employee aggrieved by *Labor Code* violations, including those alleged above, to secure civil penalties for such violations on behalf of herself and on behalf of other current or former employees (with or without certification of this lawsuit as a class action), in amounts which could be recovered by the Labor & Workforce Development Agency pursuant to specific *Labor Code* penalty provisions if a specified penalty is provided, or if no such penalty is specifically provided, in penalty amounts provided by Cal. Lab. Code § 2699 (f).

166.    Pursuant to Cal. Lab. Code § 2699 (c), PLAINTIFF as an "aggrieved employee" may bring this action for recovery of civil penalties through a civil action on behalf of herself and other current or former employees of DEFENDANTS pursuant to the procedures specified in Cal. Lab. Code § 2699.3.

167.    DEFENDANTS committed the following violations of the Cal. Lab. Code against PLAINTIFF and, on information and belief, against other current or former employees while they were employed by DEFENDANTS:

a.    Violated Cal. Lab. Code §§ 201 and 202 by failing to pay PLAINTIFF and aggrieved employees all wages due on the date of the employee's involuntary termination or within 72 hours of receipt of notice of employee's voluntary termination.

b.    Violated Cal. Lab. Code § 204 by failing pay all wages due to PLAINTIFF and aggrieved employees on a timely basis, in compliance with those provisions.

c.    Violated Cal. Lab. Code § 226 by failing to provide accurate itemized wage statements to PLAINTIFF and aggrieved employees.

d.    Violated Cal. Lab. Code § 226.7 and provisions of the applicable Wage Order by failing to provide mandatory meal periods and rest periods.

e.    Violated Cal. Lab. Code § 226.8 by intentionally and willfully misclassifying PLAINTIFF and other aggrieved employees as an independent contractor despite their status as hourly employees of DEFENDANTS.

f.    Violated Cal. Lab. Code § 1182, et sq. and §1198 and provisions of the applicable Wage Order by failing to pay PLAINTIFF and aggrieved employees all wages due for all hours worked, and by failing to keep accurate information with respect to hours worked, including the actual beginning and ending of each work period and meal period.

g.    Violated Cal. Lab. Code § 510 by failing to pay PLAINTIFF and aggrieved employees for work over eight (8) hours in a workday and forty (40) hours in a workweek.

h.    Violated Cal. Lab. Code § 1174 by failing to maintain accurate itemized wage statements to PLAINTIFF and aggrieved employees.

i.    Violated Cal. Lab. Code §§ 1194 and 1197 by failing to pay minimum wage to PLAINTIFF and aggrieved employees.

j.    Violated Cal. Lab. Code § 98.6 by retaliating against PLAINTIFF when she voiced her concerns about the aforementioned Labor Code violations.

**Plaintiff's First Amended Complaint**                                                        **-25-**

168.    PLAINTIFF has satisfied all the requirements; set forth in Cal. Lab. Code § 2699.3, which are prerequisites to maintain a civil suit to recover the aforementioned penalties. PLAINTIFF, by and through her counsel, provided written notices on August 16, 2022, to the California Labor & Workforce Development Agency, and TRANSLATION.COM, stating the provisions of the *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy of this letter is attached hereto, marked as Exhibit B, and incorporated by this reference herein.

169.    The California Labor & Workforce Development Agency did not, within 65 days of August 16, 2022 pursuant to Cal. Lab. Code § 2699.3(a) notify PLAINTIFF its intention to investigate the allegations in the August 16, 2022 notifications.

170.    Accordingly Plaintiff is entitled to pursue the matter pursuant to Cal. Lab. Code § 2699, and DEFENDANTS is liable for civil penalties in amounts to be established at trial, payable as provided in Cal. Lab. Code § 2699(i).

171.    Pursuant to Cal. Lab. Code § 2699 (g)(1), PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs incurred in conjunction with claims brought pursuant to Cal. Lab. Code § 2699 should she prevail on any of those claims.

172.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**SIXTEENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
[Cal. Lab. Code §§ 98.6 and 1102.5]

As a sixteenth, separate and distinct cause of action, PLAINTIFF complains against DEFENDANTS, and each of them, and for a cause of action alleges:

173.    The above-mentioned allegations of this complaint are hereby incorporated by this reference as if fully set forth again herein.

174.    At all times relevant, PLAINTIFF fully and satisfactorily performed all of the acts required to be performed on her part to receive said wages.

175.    It is the public policy of the State of California that individuals shall not be terminated from their employment on the basis of their race, religion, or gender.

**Plaintiff's First Amended Complaint**                                    **-26-**

176.    As a direct and proximate result of DEFENDANTS' misconduct, PLAINTIFF has been caused to suffer special damages by way of lost earnings and employment-related benefits, and general damages, including severe and extreme emotional distress not compensable under California's workers' compensation statutory framework, in amounts according to proof and in excess of this Court's jurisdictional limits.

177.    DEFENDANTS, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming PLAINTIFF, entitling her to recover exemplary and punitive damages in amounts according to proof and in excess of this Court's jurisdictional limits.

178.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### **PRAYER**

WHEREFORE, IRAVANIAN prays for judgment as follows:

1.    Monetary relief in a sum according to proof, including, but not limited to, lost wages, promotions, benefits, and retirement benefits and no less than $500,000.00;

2.    Compensatory damages according to proof;

3.    Exemplary damages according to proof;

4.    Punitive damages according to proof;

5.    Interest as allowed by law;

6.    For civil penalties to the extent permitted by law and Cal. Lab. Code §§ 2698 and 2699 *et seq.*;

7.    Costs and reasonable attorney's fees pursuant to Labor Code section 1198.5(l) and 226 (h),  CCP §1021.5, and Gov't Code 12965(b);

8.    For such other and further relief as the Court deems proper.

DATED:  February 29, 2024                    GRAINNE CALLAN, ESQ.


By:  _____
                    GRAINNE M. CALLAN
                    Attorney for Plaintiff Hanieh Iravanian

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency               GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 27, 2022

Hanieh Iravanian

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202210-18704127
        Right to Sue: Iravanian / Translations.com,Inc. et al.

Dear Hanieh Iravanian:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 27, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# EXHIBIT B



**GRAINNE CALLAN**
ESQ

[Via Certified mail]                                          August 16, 2022

Translations.com, Inc.
1250 Broadway, 7th FL
New York, NY  10001

RE:  Translations.com, Inc., and DOES 1-50, inclusive

To Whom It May Concern:

This office has been retained by Hanieh Iravanian to represent her against her former employer, Translations.com, Inc., (hereafter "Translations") and DOES 1-50, inclusive ("Defendants") for violations of California's Labor Codes. Ms. Iravanian intends to seek penalties for violations of the California Labor Code, which are recoverable under California Labor Code sections 2698 *et seq*., and the Labor Code Private Attorneys General Act of 2004 ("PAGA"). Ms. Iravanian seeks penalties on behalf of the State of California and other current and former aggrieved employees. This letter is sent in compliance with the reporting requirements of California Labor Code section 2699.3.

Translations is a Nevada Corporation located at 1250 Broadway, 7th FL, New York, NY 10001. According to the Secretary of State website, the agent for service of process is Legalinc Registered Agents, Inc. located at Four Embarcadero Center Suite 1400 #85, San Francisco CA 94111.

On or about March 29, 2021, Translations hired Ms. Iravanian on July 21, 2021, to start on April 5, 2021. Defendants failed to provide Ms. Iravanian with Cal. Lab. Code § 2851 hiring paperwork to confirm her rate and dates of pay, as well as the paid sick leave policy.  Defendants willfully and purposely misclassified Ms. Iravanian as an independent contractor in order to avoid paying taxes.

Defendants have violated and/or continue to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections: 201-204, 210, 226, 226.3, 226.7**,** 246**,** 510, 512, 1194, 1198, 2802, and 6311**.**

California Labor Code sections 201, 202 and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Ms. Iravanian and other aggrieved employees were not paid all the wages they were owed upon discharge or resignation

by Translation. As discussed infra, there existed (and likely still exists) unpaid wages, overtime, meal, and rest break violations that have gone without redress.

California Labor Code section 204 provides labor performed between the 1st and 15th days of any calendar month shall be paid between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and last day of any calendar month, shall be paid for between the 1st and 10th day of the following month. Ms. Iravanian was paid sporadically by Translation depositing money into her account, at undefined intervals. These payments were often provided weeks after they were due. In addition, Ms. Iravanian and other aggrieved employees performed overtime for which they have yet to be compensated. Ms. Iravanian was required to work overtime and doubletime for which she has yet to be compensated. The overtime worked should have been included in their regularly administered payment of wages.

One example of Translations failure to pay the wages owed, Ms. Iravanian worked the week of July 2 – 9, 2021. Ms. Iravanian reported to work on July 2, only to have her schedule change after she arrived to work yet she was not compensated for reporting time. She then worked on July 6 for 6.8 hours, July 7 for 8.4 hours, July 8 for 8.95 hours, and July 9 for 8.4 hours. She was not compensated reporting time wages nor her overtime.

Another example is from July 19 – 23, 2021, Ms. Iravanian worked 41.9 hours and was not compensated for overtime. She received that payment on August 17, 2021.

The time period from July 28 to August 6, 2021, was not paid until October 20, 2021. The overtime from that period has yet to be paid.

Defendants have clearly failed to pay its employees accordingly.

California Labor Code section 210 provides additional penalties for failure to pay an employee's wages with a $100 penalty for the initial violation and a $200 penalty plus 25% of the amount unlawfully withheld for each subsequent violation. As Translations repeatedly failed to pay its employees per section 204, it is also subject to 210 penalties.

California Labor Code section 226 requires employers to make, keep, and provide complete and accurate itemized wage statements to their employees. During the relevant time period, Defendants failed to provide Ms. Iravanian and other aggrieved employees with complete and accurate itemized wage statements. Ms. Iravanian and other aggrieved employees were not provided wage statements at all. Defendants would deposit money into its employees' accounts without any wage statement to refer to so the employees could determine if they had been properly paid all wages owed.

California Labor Code section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of

Section 226." As discussed above, Defendants violated subdivision (a) of section 226 for Ms. Iravanian and other aggrieved employees.

California Labor Code section 226.7 requires employers to provide the meal and rest periods required by any applicable Wage Order promulgated by the California Industrial Welfare Commission. If an employer fails to provide the meal or rest period in accordance with the applicable order, the employer shall pay the employee one additional hour of pay for each work day that the meal or rest period is not provided. Ms. Iravanian and other aggrieved employees regularly worked through their meal and rest breaks. Translations failed to provide compliant rest breaks and was aware of the employees not taking rest breaks. Translations failed to provide any additional compensation for the missed meal or rest breaks. Therefore, Ms. Iravanian and other aggrieved employees were not provided compliant rest or meal breaks nor were they provided appropriate compensation as required by applicable Wage Orders.

California Labor Code section 226.8 prohibit employers and their advisors from knowingly misclassifying employees as independent contractors. Defendants willfully engaged in a pattern and practice of misclassifying Plaintiff and other aggrieved employees. Defendants employed Ms. Iravanian as an individual. Ms. Iravanian and other aggrieved employees were subject to the control of Defendants for all aspects related to her employment. Ms. Iravanian and other aggrieved employees were knowingly and willfully misclassified as independent contractors.

California Labor Code section 246 requires employers to provide paid sick leave notice to its employees setting forth the amount of paid sick leave available for use either on the employee's itemized wage statement or in a separate writing provided on the designated pay date with the employee's payment of wages. Translations failed to provide any written notice of accrued paid sick leave. Therefore, Ms. Iravanian and other aggrieved employees were denied proper notice.

California Labor Code section 510 requires employers to provide overtime pay to employees at the rate of time and a half for all hours worked in excess of 40 in a week or eight in a day (as well as the first eight hours on the seventh consecutive day) and at the rate of double time for hours in excess of twelve in day or eight on the seventh consecutive day. Defendants required Ms. Iravanian and other aggrieved employees to work overtime hours without receiving the proper overtime premiums as required by section 510. As discussed supra, Ms. Iravanian worked overtime as directed. Yet, she was not paid her wages. Ms. Iravanian and other aggrieved employees did not receive any overtime compensation despite working overtime.

California Labor Code section 512 requires employers to provide employees working a shift greater than five hours in length with an unpaid and uninterrupted 30-minute meal break. Defendants failed to provide aggrieved employees with the required meal breaks every day they worked shifts greater than five hours as required by law. Ms. Iravanian worked greater than 5 hours every day she worked for Defendant. As discussed above, Ms. Iravanian was often required to work through her rest and meal breaks. Defendants did not obtain waivers for any meal breaks. Therefore, Ms. Iravanian and other aggrieved employees were improperly denied their meal rest break without appropriate compensation.

California Labor Code section 1198 requires employers to comply with the hours and working conditions restrictions imposed by the Industrial Welfare Commission Wage Orders. Defendants failed to comply with the applicable Wage Order restrictions on hours and working conditions with regard to Ms. Iravanian and other aggrieved employees.

California Labor Code section 2802 requires employers to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer. Defendant was required Ms. Iravanian and other aggrieved employees to use their personal cell phone for all phone calls and texting, their laptops and skype accounts. Additionally, Defendant required Ms. Iravanian and other aggrieved employees to work remotely and to use their internet service to perform her duties. Translations failed to reimburse Ms. Iravanian for the use of her internet, cell phone, laptops, or other costs associated with work. Therefore, Defendant failed to indemnify Ms. Iravanian and other aggrieved employees in accordance with this section.

On behalf of all aggrieved employees, Ms. Iravanian seeks all applicable penalties related to these violations of the California Labor Code pursuant to PAGA. If you have any questions or require any additional information, please do not hesitate to contact us. My direct dial is (408) 982-6224 and my email address Grainne.Callan@callanlawoffice.com. Thank for your attention to this matter.

Sincerely,

Grainne M. Callan, Esq.
Attorney for Hanieh Iravanian

cc:
Legalinc Registered Agents, Inc.
Four Embarcadero Center Suite 1400 #85
San Francisco, CA 94111.

c: client