UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIEH IRAVANIAN,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPERFECT TRANSLATIONS<br>INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 22-cv-09157-JST<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION TO<br>DISMISS**<br><br>Re: ECF No. 70 |

Before the Court is Defendant TransPerfect Translations International, Inc.'s motion to dismiss Plaintiff's Third Amended Complaint. ECF No. 70. The Court will grant the motion in part and deny it in part.

## I.    BACKGROUND

On March 30, 2021, Defendant hired Plaintiff Hanieh Iravanian, who began work on April 5, 2021 in California pursuant to an independent contractor agreement. ECF No. 66 ¶ 23. Iravanian's employment ended in August 2021. *Id.* ¶ 135.

Iravanian filed the complaint in this matter in Santa Clara County Superior Court. ECF No. 1. Defendant filed a notice of removal on December 29, 2022. *Id.* On March 5, 2024, Iravanian filed a First Amended Complaint pursuant to the parties' stipulation. ECF No. 42. On October 11, 2024, the parties stipulated to allow a Second Amended Complaint, which Iravanian filed on October 17. ECF No. 50.

On May 29, 2025, the Court consolidated this case with a related suit involving the same parties. ECF No. 57. On July 16, 2025, the Court granted the parties' stipulation permitting Iravanian to file a Third Amended Complaint ("TAC") consolidating claims from both actions. ECF No. 65. Iravanian filed the TAC that same day. ECF No. 66.

United States District Court
Northern District of California

Iravanian alleges that Defendant misclassified her as an independent contractor and, as a result, failed to comply with various federal and California employment laws.  ECF No. 66 ¶¶ 14–15.  The Third Amended Complaint asserts the following causes of action: 1) late payment of wages in violation of California Labor Code §§ 204 and 210; (2) failure to furnish compliant wage statements in violation of California Labor Code §§ 226 and 226.3 and Industrial Welfare Commission Wage Order No. 4; (3) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1194 and Wage Order No. 4; (4) failure to pay minimum wages in violation of California Labor Code §§ 1182.11–1182.3, 1194, 1194.2, 1197, and 1198 and Wage Order No. 4; (5) breach of contract; (6) failure to pay earned wages in violation of California Labor Code §§ 204, 206, 218.5, and 218.6; (7) failure to pay all wages due upon termination in violation of California Labor Code §§ 201–203; (8) failure to provide adequate meal periods in violation of California Labor Code §§ 226.7 and 512 and Wage Order No. 4; (9) failure to authorize and permit rest periods in violation of California Labor Code § 226.7 and Wage Order No. 4; (10) violations of the Paid Sick Leave Act, California Labor Code § 246 et seq.; (11) failure to indemnify expenses in violation of California Labor Code § 2802; (12) willful misclassification in violation of California Labor Code § 226.8; (13) unlawful business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; (14) failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; (15) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a); (16) failure to prevent discrimination in violation of FEHA; (17) violation of California's Equal Pay Act, Cal. Labor Code § 1197.5; (18) civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 et seq.; and (19) wrongful termination in violation of public policy.  Claims 15–17 and 19 are brought in Iravanian's individual capacity; the remaining claims are brought on behalf of Iravanian and a putative class of similarly situated workers.

On August 15, 2025, Defendant filed the present motion to dismiss.  ECF No. 70. Iravanian filed an opposition on August 29, 2025.  ECF No. 71.  Defendant filed a reply on September 5.  ECF No. 72.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## III.    LEGAL STANDARD

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court must "accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

If the court dismisses a claim for failure to meet these standards, it should grant leave to amend unless no amendment could possibly cure the complaint. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## IV.    DISCUSSION

Defendant moves to dismiss the Third Amended Complaint in its entirety, except that as to the third and fourteenth causes of action, Defendant seeks dismissal only of the class allegations. ECF No. 70. The Court addresses each claim in turn.

### A.    Conceded Claims

In her opposition, Iravanian does not oppose dismissal of her class claim for late payment of wages (claim one) or her individual claims for paid sick leave (claim ten), willful

United States District Court
Northern District of California

misclassification (claim twelve), and wrongful termination in violation of public policy (claim ninteen).  ECF No. 71 at 15, 24, 25, 32.

### 1.    Late Payment of Wages (California Labor Code §§ 204 and 210)

The first claim, pleaded on behalf of Iravanian individually and the putative class, alleges that Defendant failed to pay wages within the timeframe required by California Labor Code § 204 and is therefore subject to penalties under Section 210.  ECF No. 66 ¶¶ 76–84.  In the motion to dismiss, Defendant argues that the statute does not confer a private right of action for wage underpayment under Section 204,[1] and that Iravanian has failed to allege "that TransPerfect failed to pay the wages of any putative class member within the time prescribed."  ECF No. 70 at 19–20.  In her opposition, Iravanian expressly concedes dismissal of the class claims under Sections 204 and 210 but does not address her individual claim.  ECF No. 71 at 15.  A plaintiff's failure to respond to arguments raised in a motion to dismiss constitutes abandonment of the claim.  *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008).  Accordingly, the first cause of action is dismissed in its entirety with prejudice.

### 2.    Sick Leave Violations (Healthy Workplaces, Healthy Families Act)

Defendants argue that Iravanian's tenth claim for violations of the Healthy Workplaces, Healthy Families Act ("HWHA") of 2014, Cal. Lab. Code § 245 et seq., is foreclosed because the HWHA provides no private right of action.  ECF No. 70 at 27.  Iravanian does not oppose dismissal, so the tenth cause of action is dismissed.  ECF No. 71 at 24.

However, Iravanian seeks leave to amend her UCL claim to allege violations of the HWHA as predicate unlawful conduct.  ECF No. 71 at 24, 25–26.  At this stage, the Court cannot conclude that amendment would necessarily be futile.  Iravanian is granted leave to amend her

---

[1] This argument appears unresponsive to Iravanian's claim, which does not seek penalties for wage underpayment, but for late payment of wages.  Defendant's own cases confirm that late payment claims under Section 204 are viable.  *See, e.g.*, *Hill v. Pac. Mar. Ass'n*, No. 24-CV-00336-JSC, 2025 WL 416159, at *7 (N.D. Cal. Feb. 6, 2025); *Rubalcaba v. R&L Carriers Shared Servs.*, L.L.C., No. 23-CV-06581-HSG, 2024 WL 1772863, at *13 (N.D. Cal. Apr. 23, 2024).  Nonetheless, Iravanian concedes the point, and the Court therefore need not decide the issue.

United States District Court
Northern District of California

UCL claim to allege such violations.

### 3. Willful Misclassification (Labor Code § 226.8)

Defendants seek dismissal of Iravanian's twelfth claim under Labor Code Section 226.8 because that statute also does not create a private right of action. ECF No. 70 at 28. Again, Iravanian does not oppose and the claim is dismissed with prejudice. ECF No. 71 at 25. To the extent Plaintiff seeks civil penalties based on alleged violations of section 226.8, she may do so, if at all, through a properly pleaded PAGA claim.

### 4. Wrongful Termination

Iravanian concedes that her nineteenth claim, for wrongful termination in violation of California Labor Code Sections 98.6 and 1102.5 is inadequately pleaded and seeks leave to amend. ECF No. 70 at 34–35; ECF No. 71 at 32. The nineteenth cause of action is dismissed with leave to amend.

### B. Class Allegations

Defendant moves to dismiss Iravanian's class-wide wage-and-hour claims. It argues that the TAC "fails to show that her alleged work experience is typical, similar, or representative of the experience of the putative class members." ECF No. 70 at 17. Iravanian responds that a motion to dismiss is not the proper vehicle to challenge Rule 23 compliance and that she has adequately pleaded class-wide claims. ECF No. 71 at 13. The Court agrees with Defendant.

Courts generally decline to resolve Rule 23 issues at the pleading stage. *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1063 (N.D. Cal. 2015) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)). However, district courts may dismiss class allegations under Rule 12(b)(6) where the complaint "lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *See Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (emphasis in original).

Where a plaintiff defines a class encompassing employees or contractors performing varied roles, the complaint must allege facts plausibly supporting an inference that individuals across those roles were subject to the same allegedly unlawful policies or practices. *Webb v. Rejoice Delivers LLC*, 2025 WL 2259007, at *7 (N.D. Cal. Aug. 7, 2025); *Rubalcaba v. R&L Carriers*

*United States District Court
Northern District of California*

*Shared Servs., L.L.C.*, 2025 WL 722442, at *6 (N.D. Cal. Mar. 6, 2025).  Conclusory allegations of "de facto policies" or common practices, without factual detail explaining how those practices operated across differing job functions, are insufficient to plausibly plead class-wide claims. *Mish*, 2021 WL 4592124, at *9.

Here, Iravanian defines an expansive class comprised of "[a]ll individuals who signed Independent Contractor Agreements with Defendant and worked for Defendant in California at any time during the Class Period," and a subclass including all such individuals performing work not related to translation, court reporting, or voice acting.  ECF No. 66 ¶¶ 3–4.  These definitions encompass individuals performing a wide range of services for Defendant across varied roles. Moreover, the TAC's factual allegations are limited almost entirely to Iravanian's own experience as a Project Coordinator and Project Moderator during discrete periods of employment in 2021. *Id.* ¶¶ 23–24, 31–48.

The TAC contains no specific factual allegations describing the work conditions, compensation practices, or wage experiences of any other putative class or subclass member, nor any facts plausibly supporting an inference that individuals performing different services were subject to the same challenged practices.  *Id.* ¶¶ 49–75.  Instead, Iravanian relies on generalized assertions that Defendant maintained "common policies and practices" and "consistent policy and/or practice[s]" affecting all Class and Subclass Members.  *Id.*  Such conclusory allegations, without factual content connecting those practices to individuals across the broad class definitions, do not satisfy the standard set by *Twombly* and *Iqbal*.  *Mish*, 2021 WL 4592124, at *9 (citing *Iqbal*, 556 U.S. at 678).

Because Iravanian pleads individualized factual allegations tied solely to her own role while asserting class definitions encompassing varied categories of independent contractors, the TAC fails to plausibly allege class-wide violations.  Accordingly, Defendant's motion to dismiss all class claims is GRANTED with leave to amend.

### C.     Wage Statements

Defendant moves to dismiss Iravanian's second claim for failure to furnish compliant wage statements under Labor Code Section 226.  ECF No. 70 at 20–21.  Defendant argues that Iravanian

has not alleged a cognizable injury sufficient to establish Article III standing.[2]  ECF No. 72 at 12. With respect to the class claim, Defendant also argues that Iravanian has not identified (1) any specific deficiency in the wage statements provided to class members or (2) at least one pay period during which TransPerfect provided such a non-compliant wage statement to any class member. *Id*. at 21; ECF No. 72 at 11.  Iravanian responds that she is not required to allege a specific injury and that she pleaded sufficient facts by alleging that Defendant failed to provide any wage statements and identifying at least one pay period during which this occurred.  ECF No. 71 at 15–16.  Defendant makes the better argument.

Section 226 requires employers to keep accurate itemized pay statements setting forth gross wages, the actual number of hours and minutes worked, and all applicable hourly rates of pay.  Cal. Lab. Code § 226(a).  To recover damages under Section 226, an employee must allege that he or she "suffer[ed] injury as a result of a knowing and intentional failure by an employer to comply" with the statute.  *Id*. § 226(e)(1).  Although the statute provides that an employee is "deemed to suffer injury" when an employer fails to provide a wage statement entirely, *id*. § 226(e)(2)(A), or when the employee cannot "promptly and easily determine" the relevant wage information, *id*. § 226(e)(2)(B), "Article III standing requires a concrete injury even in the context of a statutory violation."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016).  "[T]he plausible pleading of a flat-out violation of a statutory provision" will not suffice in federal court "since 'a bare procedural violation . . . divorced from any concrete harm' does not constitute an injury in fact."  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Spokeo*, 578 U.S. at 340).

Thus, despite California's minimal statutory requirement for showing injury under Section 226(e), a plaintiff in federal court must still plausibly allege a concrete injury to establish Article III standing.  *Mays v. Wal-Mart Stores, Inc.*, No. CV 18-02318-AB (KKx), 2018 WL 5024919, at

---

[2] Although Defendant does not raise the Article III standing issue until the reply, it is jurisdictional, so the Court will consider it. *See Williams v. Bank of America National Association*, No. 15-CV-00792-LHK, 2015 WL 6602403, at *4 (N.D. Cal. Oct. 30, 2015) (considering a standing argument first clearly raised in a reply because Article III standing must be established as a threshold jurisdictional matter) (citations omitted).

United States District Court
Northern District of California

*9–10 (C.D. Cal. Aug. 22, 2018) ("[D]espite California's minimal showing requirement, in the absence of a plausible concrete injury Plaintiff cannot establish standing to sue in federal court.").

Courts in this district and this circuit therefore hold that a bare violation of Section 226(e)(2), without allegations of real-world harm such as confusion, inability to verify wages, or reliance on other records, is insufficient to establish Article III standing. *Mays*, 2018 WL 5024919, at *9–10; *Godhigh v. Savers, LLC*, No. 16-CV-02874-WHO, 2016 WL 4585778, at *3 (N.D. Cal. Sept. 2, 2016).

Here, Iravanian alleges that Defendant failed to provide wage statements and sporadically deposited her earned wages without wage statements but does not allege any facts showing how those failures caused a concrete informational or economic injury beyond the statutory violation itself. ECF No. 66 ¶¶ 24, 41, 86–90. Absent allegations that Iravanian was confused, unable to determine wages owed, or otherwise harmed in a concrete manner by the wage-statement defects, she has not plausibly established Article III standing for this claim. *Mays*, 2018 WL 5024919, at *9–10.

The class allegations suffer from additional pleading deficiencies. The complaint does not identify any specific deficiency in the wage statements allegedly provided to class members, nor does it identify at least one pay period during which TransPerfect issued a non-compliant wage statement to a class member. ECF No. 66 ¶¶ 52, 86–89. These omissions independently render the class claim insufficiently pleaded.

Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### D.      Failure to Pay Overtime

Defendant moves to dismiss Iravanian's third and fourteenth causes of action for failure to pay overtime wages to the extent they are asserted on behalf of the putative class. Defendant argues that Iravanian fails to plead any specific unpaid workweek or day for class members other than herself. ECF No. 70 at 21–22. To state an overtime claim, a plaintiff must allege facts supporting a plausible inference that she worked compensable hours for which she was not properly paid during at least one work week. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014). While precise calculations are not required, conclusory allegations

United States District Court
Northern District of California

of generalized underpayment are insufficient. *Id.*; *see also Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (applying the *Landers* standard to California Labor Code violations).

Here, Iravanian's class overtime allegations rely primarily on generalized assertions of a "consistent policy or practice" of unpaid overtime without identifying any specific workweek in which any putative class member worked in excess of forty hours without proper compensation. ECF No. 66 ¶¶ 53, 94–110, 192–203. As presently pleaded, such allegations are insufficient to state class-wide overtime claims.

Iravanian may attempt to cure these deficiencies in any amended complaint.

### E. Minimum Wage Claim

Defendant moves to dismiss Iravanian's fourth cause of action for failure to pay minimum wages. Defendant argues that the TAC fails to allege sufficient facts to support either an individual or class claim and that Iravanian's individual allegations are internally contradictory because she alleges that she earned $40, which was more than double the minimum wage in 2021. ECF No. 70 at 22–23. Iravanian responds that her claim is adequately pleaded and contains no inconsistencies. ECF No. 71 at 17–18. Iravanian's minimum wage claim is dismissed.

To state a claim for failure to pay minimum wages under California law, a plaintiff must allege facts that support a plausible inference that, in at least one work week, she was not paid the applicable minimum wage for all compensable hours worked. *Landers*, 771 F.3d at 645–46; *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016). Although a plaintiff need not plead precise calculations or identify an exact calendar week, conclusory allegations of underpayment, untethered to factual context, are insufficient. *Id.*

Here, Iravanian alleges that she began working for TransPerfect on April 5, 2021, at an hourly rate of $40, which is well above the applicable minimum wage. She also alleges, however, that Defendant required her to perform work for which she was not compensated prior to April 5. ECF No. 66 ¶¶ 23–24, 35–36, 113. She further alleges that Defendant "continually fail[ed] to pay . . . minimum wages as required by law" to herself and the other class members. ECF No. 66 ¶ 113.

United States District Court
Northern District of California

These allegations are insufficient to state a minimum wage claim.  While Iravanian alleges uncompensated work prior to April 5, 2021, she does not plead facts supporting a reasonable inference that her effective hourly rate fell below the minimum wage in any workweek.  *Landers*, 771 F.3d at 645–46.  The complaint alleges no facts regarding the amount or frequency of the unpaid work or how that work resulted in a minimum wage violation rather than an unpaid hours claim.  ECF No. 66 ¶¶ 23–24, 35–36, 113.; *see Rubalcaba*, 2024 WL 1772863, at *10.

Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.  Any amended complaint must allege sufficient factual detail to support a plausible inference that Iravanian's and the class members' effective hourly compensation fell below the applicable minimum wage in at least one work week.

### F.    Breach of Contract

Defendant moves to dismiss Iravanian's breach of contract claim, arguing that Iravanian fails to plead the material terms of any enforceable contract, does not identify a specific contractual obligation that was breached, and relies on conclusory allegations of underpayment.  ECF No. 70 at 23–24.  Defendant further contends that Iravanian cannot pursue a contract claim while simultaneously alleging that the Independent Contractor Agreement is invalid due to misclassification.  *Id.*  Iravanian responds that she adequately pleads the existence and breach of the agreement and that she may assert alternative theories of liability.  ECF No. 71 at 18.

The elements of a claim for breach of contract are: "the existence of the contract, performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and damages."  *First Comm'l Mortg. Co. v. Reece,* 89 Cal. App. 4th 731, 745 (2001).  To state such a claim, a plaintiff must plead the terms of the contract either verbatim or according to their legal effect, but need not do so with precision.  *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citing *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989)).  "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint."  *Id.*

The governing inquiry at the pleading stage is whether the complaint permits the Court "generally to discern at least what material obligation of the contract the defendant allegedly

United States District Court
Northern District of California

breached." *Langan*, 69 F. Supp. 3d at 979. Iravanian alleges insufficient factual detail to satisfy that standard here.

Iravanian alleges that she entered into an Independent Contractor Agreement with Defendant pursuant to which Defendant agreed to compensate her at an hourly rate for work performed, first $30 per hour and later $40 per hour, and that she performed such work starting on April 5, 2021. ECF No. 66 ¶¶ 21, 23. She alleges that prior to April 5, she performed uncompensated work, and between August 1 and August 6, she worked overtime and was not compensated properly for those hours. *Id*. ¶¶ 24, 36, 38. She does not, however, allege when she signed the contract nor does she allege any provisions relating to overtime pay. In fact, the facts alleged more plausibly suggest that (1) no contract was signed until April 5 and (2) that contract did not provide for overtime pay, because it was an independent contractor agreement. Moreover, the complaint contains no non-conclusory allegations establishing the elements of a breach of contract claim for other class members, nor showing that such class members were subject to contracts with uniform terms breached in a common manner. *Id*. ¶¶ 54–57, 119, 120–25.

Although Iravanian is permitted by Rule 8(d)(3) to plead this claim in the alternative to her misclassification theory, *see Longest v. Green Tree Servicing LLC*, 74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015), she has failed to do so.

Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### G.    Failure to Timely Pay Final Wages and Waiting Time Penalties

Defendant moves to dismiss Iravanian's sixth and seventh claims for failing to pay earned wages and waiting time penalties under California Labor Code Sections 201 and 203, raising two arguments. First, Defendant contends that Iravanian does not adequately allege whether she resigned or was terminated and therefore improperly invokes both Sections 201 and 202. ECF No. 70 at 24–25. Second, it argues that Iravanian fails to plead the specific amount of unpaid wages allegedly owed at the time of separation. *Id.* at 25. Iravanian responds that her factual allegations—that she was constructively terminated and that earned wages remained unpaid at the time her employment ended—suffice to state a claim under the statute. ECF No. 71 at 22–23. Iravanian has the better argument.

11

Section 201 "provides for immediate payment for wages for those employees who are 'discharge[d]'" while Section 202 "provides for the payment of wages within 72 hours for employees who 'quit[].'" *Scott v. Cintas Corp.*, No. 3:23-CV-05764-JSC, 2024 WL 1421277, at *5 (N.D. Cal. Apr. 2, 2024). Sections 201 and 202 do not create independent causes of action; they prescribe when final wages are due. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398–1401 (2010). Section 203, however, authorizes recovery of up to 30 days of wages "as a penalty" where an employer "willfully fails to pay" wages "at the time of discharge or quit." Cal. Lab. Code § 203(a).

Because Sections 201 and 202 are mutually inconsistent (one requiring discharge and the other resignation), some district courts prohibit class claims alleging both theories, because "[a] named plaintiff may pursue a claim on behalf of a class only for statutory injuries that he himself suffered." *See, e.g., McGhee v. Tesoro Refining & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020). That reasoning is unpersuasive. The injury underlying a waiting time penalties claim is the same whether the employee was discharged or quit: the employer failed to timely pay earned wages upon separation. *See DiMercurio v. Equilon Enterprises LLC*, No. 19-CV-04029-JSC, 2022 WL 254345, at *4 (N.D. Cal. Jan. 27, 2022) (citing *Hall v. W. Refining Retail, LLC*, No. 5:19-cv-00855-VAP-SKx, 2019 WL 7940668, at *3 (C.D. Cal. Sept. 19, 2019)). "Because the waiting time penalties claim arises from Section 203, a named plaintiff who suffered the injury of not being timely paid at the separation of employment meets the typicality and adequacy requirements to bring claims on behalf of others who suffered the same injury." *Id.* Iravanian is therefore permitted to represent a class of Section 203 plaintiffs subject to both Sections 201 and 202.

Defendant's argument that Iravanian must plead the precise amount of unpaid wages allegedly owed also fails. A plaintiff asserting claims under sections 201 and 203 is not required to plead a precise amount at the pleading stage. *See Tukay v. United Cont'l Holdings, Inc.*, 2014 WL 7275310, at *6 (N.D. Cal. Dec. 22, 2014) (holding that allegation that plaintiff was not paid "wages earned and unpaid at the time of discharge" was sufficient to survive dismissal). Allegations that an employer failed to pay earned wages owed at separation are sufficient to place

12

the employer on notice of the claim and permit calculation of any resulting penalties.  *See Bruno v. U.S. Renal Care, Inc.*, No. 21-cv-04617-FLA-MRW, 2022 WL 2439525, at *4–5 (C.D. Cal. July 5, 2022) (rejecting argument that plaintiff was required to plead dates of termination, amounts of final paycheck, or specific unpaid sums); *Bernstein v. Vocus, Inc.*, No. 14-CV-01561-TEH, 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014) ("Plaintiff's allegations that Defendants failed to pay him salary, bonus, and stock is sufficient to state a claim under Labor Code section 203.").

Here, Iravanian alleges that her employment ended on August 20, 2021, that the separation resulted from constructive termination, and that Defendant failed to pay all earned wages owed at that time, including overtime and meal and rest period premiums.  ECF No. 66 ¶¶ 23–24, 36–38, 42–48, 135.  These allegations are sufficient to permit calculation of any waiting time penalties through discovery.  *Hennighan*, 2013 WL 1758934, at *3.

Accordingly, Defendant's motion to dismiss the individual failure to pay earned wages and waiting time penalties claims is DENIED.

### H.     Meal and Rest Period Violations

Defendant moves to dismiss Iravanian's eighth and ninth claims for meal and rest period violations.  It argues that both her individual and class claims lack sufficient factual allegations.  ECF No. 70 at 25–26.  Specifically, Defendant contends that Iravanian does not allege how Defendant failed to provide or authorize compliant meal or rest periods to her or to any putative class member.  *Id*.  They further argue that the class allegations are deficient because Iravanian does not identify any instance in which a class member worked sufficient hours to be entitled to a break or allege when any such work occurred.  *Id.*

Iravanian responds that the complaint contains sufficient factual allegations and that Defendant's alleged misclassification of her as an independent contractor created the circumstances that resulted in employer interference with meal and rest periods.  ECF No. 71 at 23.  The Court agrees with Iravanian as to her individual claims.

California law requires employers to provide a 30-minute meal period for shifts longer than five hours and a second meal period for shifts longer than ten hours.  Cal. Lab. Code § 512.  State wage orders also require employers to authorize and permit a 10-minute rest period for every

13

four hours worked.  *See* 8 Cal. Code Regs. § 11040(12).  Employers who fail to provide compliant meal or rest periods must pay one additional hour of pay for each workday a required break is not provided.  Cal. Lab. Code § 226.7(c).

At the pleading stage, a plaintiff need only allege entitlement to breaks, failure to provide them, and circumstances supporting employer interference. *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 889 (N.D. Cal. 2024) (holding that allegations of misclassification and heavy workload preventing compliant breaks were sufficient at the pleading stage).  Misclassification allegations establish both entitlement to statutory protections and a systemic basis for the employer's failure to provide compliant breaks. *Id.*

Defendant argues that the cases Iravanian relies upon involved more detailed factual allegations regarding job duties and workload.  ECF No. 72 at 15–16.  But that characterization overstates their holdings.  While *Hennighan* discussed the plaintiff's work requirements, it did not predicate its ruling on the presence of those additional facts. *Hennighan*, 2013 WL 1758934, at *5 (finding allegation that employer "never provided him meal and rest breaks" sufficient to state a claim).  More importantly, in *Karl*, the court held that allegations that meal and rest periods were not provided at all were sufficient to state a claim at the pleading stage. *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2018 WL 5809428, at *9 (N.D. Cal. Nov. 6, 2018) ("Here, plaintiff alleges that no meal breaks were provided at all. That claim is adequately pled . . . .").

Here, Iravanian alleges that Defendant misclassified her as an independent contractor to avoid statutory obligations, that she worked shifts exceeding eight hours between August 2 and August 5, 2021, and that Defendant did not provide meal or rest periods during those shifts.  ECF No. 66 ¶ 24.  By alleging that Defendant treated her as exempt from statutory protections altogether, Iravanian plausibly alleges employer interference:  if an employer classifies a worker as not entitled to meal and rest periods, it necessarily relieves itself of the obligation to authorize and permit those breaks. *Cook*, 737 F. Supp. 3d at 889.  Iravanian need not identify a separate written policy expressly prohibiting breaks to survive dismissal.

Whether Iravanian was in fact misclassified, a question she contends she will pursue under her amended PAGA claim, is not resolved here.  For purposes of Rule 8, the allegation that

United States District Court
Northern District of California

14

Defendant treated her as exempt from statutory protections plausibly supports employer interference. An employer that classifies a worker as not entitled to meal and rest periods necessarily disclaims the obligation to authorize and permit those breaks. *Cook*, 737 F. Supp. 3d at 889.

While Iravanian's individual claims are sufficiently pleaded, her class claims are not, because she fails to state with any specificity that other class members worked shifts requiring meal and rest breaks or that they were subject to a corporate policy or practice preventing them from taking such breaks. ECF No. 66 ¶¶ 42, 60, 63, 140–144.

Accordingly, Defendant's motion to dismiss the individual claims is DENIED.

## I.    Indemnification of Expenses

Defendant moves to dismiss Iravanian's eleventh claim under California Labor Code Section 2802 for failure to reimburse business expenses. It argues that both the individual and class allegations are deficient because the complaint merely recites the statutory language and fails to identify any specific instance in which Iravanian incurred unreimbursed expenses. ECF No. 70 at 27–28. Iravanian responds that the complaint contains sufficient factual allegations to state a claim. ECF No. 71 at 24–25.

Under Section 2802(a), an employer shall indemnify employees for all necessary expenses incurred by the employee as a direct consequence of his or her duties. Merely alleging failure to reimburse unspecified work-related expenses is insufficient to state a Section 2802 claim. *Tan*, 171 F. Supp. 3d at 1005. "Instead, Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that those expenses were part of the plaintiff's job duties." *Id*.

In *Tan*, the court concluded that the nature of the defendant's business, an app-based delivery service, supported a reasonable inference that drivers necessarily used personal vehicles and cell phones to perform their work. *Id.* at 1006–07 ("an app-based delivery service requires a vehicle and a phone and thus expenses related to each.").

No similar inference arises here. The TAC does not describe Iravanian's job duties, the nature of Defendant's business, whether Iravanian worked remotely, or why the alleged expenses

15

were required to perform her work. Regarding work location, it states only that she was "based in Defendant's Bay Area office," without further detail. ECF No. 66 ¶ 23. Nor does the TAC allege any specific instance in which Iravanian incurred out-of-pocket expenses that were not reimbursed, requested reimbursement for such expenses, or was denied reimbursement. Iravanian alleges that Defendant required her and class members to use personal cell phones, laptops, internet services, and related equipment to perform their work and failed to reimburse those expenses. ECF No. 66 ¶¶ 161–168. But beyond listing categories of expenses, she pleads no factual allegations explaining how those items were necessary to her duties. An assertion that such expenses were "necessary," without factual support, is conclusory. *See Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 58 (1991) (noting that determining whether an expenditure was necessary requires inquiry into what was reasonable under the circumstances). Courts routinely dismiss similarly unsupported claims. *Magana v. Int'l Paper Co.*, No. 2:24-CV-08867-AH-(MARX), 2025 WL 819716, at *3 (C.D. Cal. Jan. 30, 2025).

Iravanian's class claims under Section 2802 suffer from the same pleading deficiencies. Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### J.    Unfair Competition Law ("UCL")

Defendant moves to dismiss Iravanian's thirteenth cause of action under the Unfair Competition Law, California Business and Professions Code Section 17200 et seq. They argue that the claim fails because Iravanian does not plausibly allege the absence of an adequate remedy at law, has failed to adequately allege the Labor Code violations underlying her UCL claim, and, as a former employee, lacks standing to pursue injunctive relief. ECF No. 70 at 29–30. Iravanian responds that she has sufficiently alleged the inadequacy of legal remedies, that her underlying Labor Code claims are properly pleaded, and that dismissal of her request for injunctive relief is premature. ECF No. 71 at 25–26. She also seeks leave to amend to allege additional facts regarding Defendant's alleged sick leave violations.

The Court addresses each argument in turn.

#### 1.    Lack of Adequate Remedy at Law

The UCL provides only for equitable relief. *See Mish*, 2021 WL 4592124, at *5. Under

16

"traditional principles governing equitable remedies in federal courts," a plaintiff "must establish that she lacks an adequate remedy at law" before equitable relief under the UCL is available. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). But "*Sonner* has limited applicability to the pleading stage." *Pitre v. KeVita, Inc.*, No. 24-CV-06309-JST, 2025 WL 2294913, at *8 (N.D. Cal. Aug. 8, 2025) (citing *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022)). At the pleading stage, it is sufficient for a "plaintiff to plead that her legal remedies are inadequate or plead equitable claims in the alternative because legal remedies are inadequate." *Id.* at *8 (citing *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *13 (N.D. Cal. May 10, 2022)); *see also Junhan Jeong v. Nexo Financial LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) (holding that a plaintiff may plead equitable relief in the alternative at the pleading stage, even where legal remedies are also sought); *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (same). Rule 8 expressly permits a demand for relief "in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage.").

Here, Iravanian seeks equitable restitution of wages allegedly withheld as a result of Defendant's Labor Code violations. ECF No. 66 ¶ 187. Although the restitution sought overlaps with the damages available under her Labor Code claims, the Court cannot conclude at this early stage that legal remedies will necessarily provide complete relief. Whether Iravanian can ultimately demonstrate the absence of an adequate legal remedy is a question better addressed on a more developed record. *Junhan Jeong*, 2022 WL 174236, at *27.

### 2. Underlying Labor Code Claims

Where a UCL claim is predicated on unlawful conduct underlying other causes of action, and the complaint fails to adequately allege unlawfulness, the UCL claim must also be dismissed. *Tan,* 171 F. Supp. 3d at 1010–11. Iravanian's UCL claim is premised on alleged violations of Labor Code Sections 201–203, 226, 510, 512, 1194, 1197, and 2802, as asserted in her causes of action. To the extent the UCL claim is predicated on alleged violations that fail as a matter of law,

17

it likewise fails as to those predicates.  *Id.*

### 3.    Injunctive Relief

With respect to injunctive relief, the Ninth Circuit has held that, "a former employee has no claim for injunctive relief . . . absent a reasonably certain basis for concluding he or she has some personal need for prospective relief."  *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364–365 (2011)).  Because Iravanian no longer works for Defendant and has not alleged facts demonstrating a likelihood of future harm, she lacks standing to pursue injunctive relief under the UCL.

### 4.    Conclusion

Accordingly, Defendant's motion to dismiss the UCL claim is GRANTED with leave to amend.  The UCL claim is dismissed with prejudice to the extent it is predicated on the abandoned first cause of action and dismissed with leave to amend to the extent it is predicated on the second, fourth, and eleventh causes of action.  Iravanian is granted leave to amend to allege violations of Labor Code Section 245 et seq. as predicate unlawful conduct.  ECF No. 71 at 25.  Her request for injunctive relief is also dismissed.

### K.    FEHA Discrimination and Failure to Prevent Discrimination Claims

Defendant moves to dismiss Iravanian's fifteenth and sixteenth causes of action for discrimination and failure to prevent discrimination under the California Fair Employment and Housing Act ("FEHA").  It argues that Iravanian fails to allege facts showing that she suffered an adverse employment action or that Defendant acted with a discriminatory motive.  ECF No. 70 at 30–31. Defendant further contends that, because the failure-to-prevent claim is derivative, it necessarily fails absent a viable discrimination claim.  *Id.*

Iravanian responds that she has adequately alleged that Defendant took an adverse employment action against her and did so with discriminatory intent.  ECF No. 71 at 27–28.  The Court concludes that Iravanian has failed to allege discriminatory intent.

Under the FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's protected characteristics.  Cal. Gov. Code § 12940(a).  To state a prima facie case of

18

discrimination under the FEHA, a plaintiff must allege and ultimately show that: (1) she was a member of a protected class; (2) she was qualified for the position she sought or was performing competently in the position she held; (3) she suffered an adverse employment action; and (4) the employer acted with a discriminatory motive. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 323 (2000).

An adverse employment action under FEHA is not limited to termination or demotion. Rather, FEHA reaches the "entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1053–54 (2005). By contrast, trivial slights or purely subjective dissatisfaction are insufficient. *Id.* at 1054–55.

At the pleading stage, Iravanian is not required to produce direct evidence of discriminatory intent. FEHA discrimination claims are ordinarily proved through circumstantial allegations giving rise to a reasonable inference of discriminatory motive. *Achal v. Gate Gourmet*, 114 F. Supp. 3d 781, 801 (N.D. Cal. July 14, 2015); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998).

Iravanian alleges that she is Iranian, Muslim, and a woman, and that she was subjected to materially worse compensation and employment conditions despite her education, experience, and responsibilities. ECF No. 66 ¶¶ 39, 209–211. These allegations are sufficient to plead an adverse employment action, as discrimination affecting compensation, benefits, or employment classification may qualify under FEHA. *Flores v. City of Westminster*, 873 F.3d 739, 748–49 (9th Cir. 2017) (explaining that adverse employment actions under FEHA include those that "materially affect[] the terms, conditions, or privileges of employment" (quoting *Yanowitz*, 36 Cal. 4th at 1052)).

However, Iravanian's allegations do not plausibly support a reasonable inference of discriminatory motive. Aside from asserting that an unidentified male employee lacked equal experience yet received higher pay, she pleads no additional facts connecting the challenged compensation or classification decisions to her protected characteristics. ECF No. 66 ¶¶ 39, 204–223. Unlike cases in which discriminatory intent was inferred from racially or religiously charged

comments or other indicia of bias, Iravanian alleges no statements, conduct, or contextual facts suggesting that Defendant's actions were motivated by her race, sex, or religion. The authorities she relies upon are therefore distinguishable because they relied in part on sexual, racial, or disparaging comments by coworkers or supervisors. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 906–07 (E.D. Cal. 2017); *Achal*, 114 F. Supp. 3d at 801.

Accordingly, Iravanian has not plausibly alleged that her protected characteristics were a substantial motivating factor in Defendant's compensation or classification decisions.

Iravanian's sixteenth cause of action asserts failure to prevent discrimination under Section 12940(k). ECF No. 66 ¶¶ 204–223. Such claims are derivative and require an underlying FEHA violation. Where the discrimination claim is not adequately pleaded, the failure-to-prevent claim likewise fails. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1318 (2015). Because Iravanian has not plausibly alleged discrimination under FEHA, her derivative failure-to-prevent claim is also insufficient.

Accordingly, Defendant's motion to dismiss these claims is GRANTED with leave to amend.

### L.    Equal Pay Act Violations

Defendant moves to dismiss Iravanian's seventeenth cause of action under the Equal Pay Act, California Labor Code Section 1197.5. It argues that Iravanian fails to allege that she performed substantially equal work to any higher-paid male employee or otherwise establish a valid comparator. ECF No. 70 at 31–32. Defendant further contends that comparison to a single employee—a man she alleges that she trained as her replacement—is insufficient and that Iravanian's allegations rely on conclusory assertions rather than actual job performance requirements. *Id.*

Iravanian responds that her allegation that she trained the identified male employee to perform her job plausibly establishes that they performed substantially similar work. ECF No. 71 at 29–30. The Court is not persuaded.

The Equal Pay Act prohibits paying employees of the opposite sex different wages for substantially equal work. Cal. Lab. Code § 1197.5(a). "To make out a case under the Equal Pay

20

Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work. "The jobs held by employees of opposite sexes need not be identical, but they must be 'substantially equal.'" *Hein v. Oregon College of Education*, 718 F.2d 910, 913 (9th Cir. 1983) (quoting *Gunther v. County of Washington,* 623 F.2d 1303, 1309 (9th Cir. 1979), *aff'd on other grounds,* 452 U.S. 161 (1981)). The prima facie inquiry is limited to a comparison of the jobs themselves and "does not involve a comparison of the individuals who hold the jobs." *Duke v. City College of San Francisco*, 445 F. Supp. 3d 216, 228–29 (N.D. Cal. 2020) (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999)).

Where a plaintiff relies on a single comparator, the pleading inquiry is whether the complaint alleges facts showing that the identified employee is an appropriate comparator based on substantially similar job performance requirements. *Id*. Although courts may look critically upon the use of a single comparator, reliance on a single comparator does not render a claim deficient at the pleading stage where factual allegations support the comparison. *Id.* at 229.

Iravanian alleges only that she trained a male employee who later replaced her and that he received higher pay and different employment classification. ECF No. 66 ¶ 39. But the complaint does not describe Iravanian's job duties, the responsibilities of the identified male employee, or facts showing that the two positions involved substantially similar job performance requirements. Nor does the complaint allege facts supporting the inference that the male employee's role carried the same level of responsibility or required similar skill, effort, and working conditions.

Iravanian argues that the alleged training relationship plausibly establishes that the two employees performed the same work. ECF No. 71 at 29. However, the fact that an employee trained another employee who later replaced her does not necessarily mean that the two positions involved the same job responsibilities or performance requirements. Employees may train successors who assume roles at different levels of responsibility or with different duties. Absent factual allegations describing the duties and requirements of the positions at issue, the complaint does not plausibly establish that the identified employee is a valid comparator under the Equal Pay Act. *Duke*, 445 F. Supp. 3d at 229; *Frohm v. City & Cnty. of San Francisco*, No. 22-CV-06002-JST, 2023 WL 4828685, at *4 (N.D. Cal. July 27, 2023) (dismissing Equal Pay Act claim where

United States District Court
Northern District of California

the plaintiff alleged only that male employees with the same job title earned more but failed to plead facts showing the positions involved substantially equal work); *Majo v. Sony Interactive Ent. LLC*, No. 21-cv-09054-LB, 2022 WL 1188871, at *5 (N.D. Cal. Apr. 21, 2022) (dismissing claim where the complaint merely recited the elements of the claim without alleging specific facts showing substantially equal work).

Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### M.    California Private Attorneys General Act

Defendant moves to dismiss Iravanian's eighteenth claim for civil penalties under the California Private Attorneys General Act ("PAGA"), Labor Code Section 2698 et seq., on three grounds.  First, it argues the PAGA claim fails because certain underlying Labor Code claims fail. Second, they contend Iravanian did not satisfy PAGA's administrative exhaustion requirements under Section 2699.3.  Third, it argues the group of "aggrieved employees" she seeks to represent is impermissibly broad.  ECF No. 70 at 32–34.  Iravanian opposes each contention.  ECF No. 71 at 30–33.  The Court addresses each in turn.

#### 1.    Predicate Labor Code Violations

Because PAGA claims are derivative of the predicate California Labor Code violations, they "rise and fall with those underlying claims." *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (citation omitted).  Iravanian's PAGA claim is premised on alleged violations of Labor Code Sections 226 (claim two), 510 and 1194 (claim three), 1194 and 1197 (claim four), 201–203 (claim seven), 512 (claim eight), 2802 (claim eleven), and 226.8 (claim twelve), as asserted in her causes of action.

Because Iravanian's second, fourth, and eleventh causes of action are dismissed with leave to amend, the PAGA claim is likewise deficient to the extent it relies on those alleged violations. The first cause of action was dismissed with prejudice as abandoned; to the extent the PAGA claim is predicated on that theory, it is dismissed with prejudice.

#### 2.    Administrative Exhaustion

Defendant next argues that Iravanian failed to exhaust administrative remedies because she did not properly comply with PAGA's notice requirements.  California Labor Code Section

2699.3(a)(1)(A) requires an aggrieved employee, prior to filing suit, to provide written notice to the California Labor Workforce Development Agency ("LWDA") and the employer identifying the specific provisions of the Labor Code alleged to have been violated, along with the facts and theories supporting those allegations. Compliance with this notice requirement to the LWDA and employer "is a mandatory precondition to bringing a [PAGA] claim." *Hutcheson v. Superior Court*, 74 Cal. App. 5th 932, 939 (2022) (quotation omitted). The notice requirement allows the LWDA to decide "whether to allocate scarce resources to an investigation." *Turrieta v. Lyft, Inc.*, 69 Cal. App. 5th 955, 969 (2021) (quotation omitted).

Here, however, Defendant does not contend that Iravanian failed to provide notice to the LWDA, nor does it argue that she seeks to pursue Labor Code violations not encompassed by that notice. ECF No. 70 at 32–33; ECF No. 72 at 20. Rather, Defendant's argument rests solely on the fact that Iravanian did not reattach the LWDA notice letters to the operative TAC, even though she did attach them to the second amended complaint. *Id.*; *see* ECF No. 50 at 33–41.

That argument is unavailing. Once proper notice has been provided, the statutory purpose of Section 2699.3 is satisfied. *See Hutcheson*, 74 Cal. App. 5th at 939 (explaining that the notice requirement serves to inform the LWDA and employer of the alleged violations). PAGA's notice requirement is an administrative "precondition" to suit. *Id.* ("Providing the required notice is a mandatory *precondition* to bringing a PAGA claim." (quoting *Esparza v. Safeway, Inc.*, 36 Cal. App. 5th 42, 59 (2019)) (emphasis added)); *see also Williams v. Superior Court*, 3 Cal. 5th 531, 545–46 (2017) (describing the presuit notice requirement as a "condition of suit"). Because the statute requires notice *before* a PAGA action may be filed, and Defendant has already received notice of the alleged violations, the statute's purpose has been fulfilled. *See* ECF No. 50 at Ex. B. Nothing in Section 2699.3 suggests that the notice must be reattached to each amended complaint once the presuit requirement has been satisfied, nor does the statute suggest that a complaint fails for that reason. Cal. Lab. Code § 2699.3.

The cases Defendant relies on involve circumstances in which no notice was provided or where the record was devoid of any basis to conclude that the LWDA received the requisite information. *See Jones v. Tirehub, LLC*, No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551 (E.D.

United States District Court
Northern District of California

Cal. July 28, 2021); *Krauss v. Wal-Mart Inc.*, No. 2:19-cv-00838-JAM-DB, 2020 WL 1874072, at *8–9 (E.D. Cal. Apr. 15, 2020). That is not the case here. Iravanian has sufficiently satisfied PAGA's notice requirements.

Accordingly, dismissal is not warranted on exhaustion grounds. Nonetheless, Iravanian shall attach the notices to any amended complaint.

### 3.    Overbreadth of the PAGA Group

Defendant next argues that Iravanian improperly seeks to prosecute a PAGA claim on behalf of an expansive group of "aggrieved employees" consisting of all independent contractors who performed any work for Defendant in California during the relevant period, as well as a subclass comprised of all individuals who signed independent contractor agreements and performed work unrelated to translation, court reporting, or voice acting. ECF No. 70 at 33–34. The Court agrees.

Under PAGA, an "aggrieved employee" may bring a representative action on behalf of the State to recover civil penalties for Labor Code violations suffered by herself and other current or former employees. Cal. Lab. Code § 2699(a). Although PAGA actions are representative in nature, they are not class actions and do not incorporate Rule 23 requirements. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851, 855–56 (9th Cir. 2020).

Nonetheless, a plaintiff must allege facts demonstrating that the challenged practices plausibly extend beyond her own circumstances to the broader group on whose behalf she seeks penalties. *See Wood v. N. Am. Van Lines, Inc.*, No. 8:20-cv-02092-JLS-ADS, 2022 WL 16894838, at *2 (C.D. Cal Aug. 16, 2022) (requiring plaintiff to narrow PAGA allegations where the complaint's definition of "aggrieved employees" extended beyond the workers described in the factual allegations); *Luna v. New Hampshire Ball Bearings, Inc.*, 2021 WL 4539740, at *5 (C.D. Cal. Feb. 8, 2021) (dismissing PAGA claim where the complaint included an overly broad scope of aggrieved employees).

Here, Iravanian alleges that Defendant systematically misclassified her as an independent contractor pursuant to a standardized independent contractor agreement. ECF 66 ¶ 22. However, the PAGA group definition extends far beyond workers plausibly situated to Iravanian,

United States District Court
Northern District of California

24

encompassing all independent contractors who performed any services for Defendant during the class period, regardless of job function, contractual terms, or factual similarity.  ECF No. 66 ¶¶ 3–4.  The proposed subclass suffers from the same defect.  The TAC does not allege facts establishing that these varied categories of workers were subject to the same misclassification practices, performed comparable work, or were governed by materially similar contractual arrangements.

Iravanian asserts that Defendant has already produced a list of the relevant individuals in discovery, proving that the group is capable of being easily identified.  ECF No. 71 at 31.  That assertion does not cure the pleading deficiency.  At the motion to dismiss stage, the Court evaluates the sufficiency of the TAC based on its allegations and may not rely on matters outside the pleadings.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[C]ourts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint.").  Although a court may consider documents incorporated by reference, the purported list is not attached to the TAC, is not referenced in a manner that permits incorporation, and is not otherwise properly before the Court.  *Cf. Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043 (9th Cir. 2015).

Courts dismiss PAGA claims where the complaint fails to justify the overly broad scope of the alleged group of aggrieved employees.  *See Luna*, 2021 WL 4539740, at *5.  While PAGA permits representative enforcement, plaintiffs must still plead an ascertainable scope of the group on whose behalf civil penalties are sought and may not define that group at an overly broad or imprecise level.  *See Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *13 (E.D. Cal. Jan. 10, 2012) (declining to "sanction PAGA claims for imprecisely defined aggrieved employees").

Iravanian has not plausibly alleged a representative PAGA claim on behalf of the expansive and heterogeneous group of workers identified in the TAC.

### 4.    Conclusion

Because the PAGA claim is predicated in part on dismissed Labor Code violations and because the proposed group definition is impermissibly broad, Defendant's motion to dismiss the

25

eighteenth claim is GRANTED with leave to amend.

### N.  Motion to Strike

Should the Court decline to dismiss the class and PAGA claims under Rule 12(b)(6), Defendants ask the Court to strike them under Rule 12(f) instead, on essentially the same insufficiency grounds.  ECF No. 70 at 35–36.  Having dismissed both the class and PAGA claims in the TAC pursuant to Rule 12(b)(6), the Court need not address Defendant's alternative motion to strike Plaintiff's class allegations pursuant to Rule 12(f).

### CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The first cause of action is dismissed with prejudice.  All other claims dismissed by this order are with leave to amend.  Iravanian shall file any amended complaint within twenty-one (21) days of the date of this order, and any amendment must cure the specific deficiencies identified herein. Failure to timely file an amended complaint, or failure to cure the deficiencies identified in this order, may result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated:  March 17, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

26