UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANIEH IRAVANIAN,

Plaintiff,

v.

TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,

Defendant.

Case No. 22-cv-09157-JST

**ORDER GRANTING MOTION FOR LEAVE TO SEEK RECONSIDERATION**

Re: ECF No. 90

Before the Court is Plaintiff Hanieh Iravanian's motion for leave to seek reconsideration. ECF No. 90. The Court will grant the motion.

**I.      BACKGROUND**

On March 17, 2026, the Court granted in part and denied in part Defendants' motion to dismiss the Third Amended Complaint ("TAC"). ECF No. 85. On April 9, 2026, Iravanian filed a motion for leave to seek reconsideration of the Court's dismissal with prejudice of her California Private Attorneys General Act ("PAGA") claim based on alleged violations of California Labor Code Sections 204 and 210. ECF No. 90 at 5.

**II.     LEGAL STANDARD**

The Court has discretion to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Reconsideration is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted) (stating the standard under Rule 59(e), pertaining to reconsideration of final judgments).

United States District Court
Northern District of California

Under the Local Rules of this district, a party moving for reconsideration must show reasonable diligence and base its motion on one of three enumerated grounds. *See* Civil L.R. 7-9(b)(1)–(3). As relevant here, Civil Local Rule 7-9(b)(3) provides that a motion for reconsideration may raise a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."[1]

## III.   DISCUSSION

In its prior order, the Court dismissed Iravanian's first claim because she expressly conceded dismissal of her class claims under Sections 204 and 210 and did not respond to arguments raised in the motion to dismiss concerning her individual claims under the same sections. ECF No. 85 at 3–4. The Court then concluded that because the first cause of action was dismissed with prejudice as abandoned, "to the extent the PAGA claim is predicated on that theory, it is dismissed with prejudice." *Id*. at 22. Iravanian argues that in dismissing with prejudice, the Court failed to credit her stated intention to pursue civil penalties under PAGA based on alleged violations of Sections 204 and 210. ECF No. 90 at 3–4. Defendant responds that the Court expressly considered Iravanian's opposition and properly dismissed the first cause of action in its entirety as abandoned, and that dismissal of the corresponding PAGA predicate followed as a matter of course. ECF No. 95 at 4–5, 6–9. The Court concludes that reconsideration is appropriate because dismissal of the first claim did not require dismissal with prejudice of the PAGA predicate premised on the same alleged violations.

Iravanian's opposition to the motion to dismiss stated that she did "not oppose dismissal of her class claims under sections 204 and 210 . . . so that she can pursue civil penalties for those violations under PAGA." ECF No. 71 at 15. The Court erred in overlooking this statement. Although Section 204 does not create a private right of action, it may nonetheless serve as the predicate for a PAGA claim. *See, e.g., Hubbs v. Big Lots Stores, Inc.*, No. LA CV15-01601 JAK (ASx), 2019 WL 12536594, at *18–19 (C.D. Cal. June 28, 2019) (collecting authority).

---

[1] Civil Local Rule 7-9 also requires the party seeking reconsideration to have acted with reasonable diligence, but Defendant does not argue that Iravanian failed to do so and the Court concludes that this requirement is met.

United States District Court
Northern District of California

Consistent with that principle, the California Supreme Court has explained that PAGA is not dependent on the continued maintenance of individual claims based on the same alleged violations. *See, e.g.*, *Kim v. Reins International California, Inc.*, 9 Cal. 5th 73, 89 (2020) (holding that a plaintiff retains standing to pursue a PAGA claim notwithstanding settlement and dismissal with prejudice of individual Labor Code claims).

The Court failed to credit Iravanian's intent to amend her complaint to include PAGA claims predicated on Sections 204 and 210. While she conceded her class claims and abandoned her individual claims, she did not concede or abandon her PAGA claims based on those sections. Moreover, PAGA supports such a theory notwithstanding the fact that Sections 204 and 210 do not afford a private right of action. The Court therefore erred in dismissing with prejudice any PAGA claim based on Sections 204 and 210. Dismissal should have been with leave to amend.

## CONCLUSION

Accordingly, the motion for leave to seek reconsideration is granted. Because the briefing on the motion for leave adequately addressed the merits of reconsideration, *see* ECF No. 95 at 6–9, the Court grants reconsideration without requiring additional briefing. The Court's dismissal with prejudice of the first cause of action for violations of Sections 204 and 210 remains undisturbed. However, the Court vacates its prior ruling to the extent it dismissed with prejudice the PAGA claim based on alleged violations of Sections 204 and 210. Iravanian's amended complaint may allege PAGA claims based on Section 204 and 210.[2] This ruling does not reopen the merits of the Court's prior dismissal order and does not disturb any other aspect of the Court's prior rulings.

**IT IS SO ORDERED.**

Dated:  May 27, 2026

_____
JON S. TIGAR

---

[2] Iravanian has already filed her Fourth Amended Complaint, alleging PAGA claims under Sections 204 and 210. ECF No. 89 ¶ 190.b. Iravanian lacked leave of Court to include those claims at the time of filing. Nonetheless, for the sake of efficiency, the Court will consider this order to have retroactively provided leave when evaluating the pending motion to dismiss, ECF No. 94.

United States District Judge

United States District Court
Northern District of California