United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANIEH IRAVANIAN,
Plaintiff,

v.

TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,
Defendant.

Case No. 22-cv-09157-JST

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL CERTIFICATION AND MOTION FOR RECONSIDERATION**

Re: ECF Nos. 108, 109

Defendants have filed a motion requesting the Court certify an interlocutory appeal under 28 U.S.C. § 1292(b). They seek to appeal a narrow and unsettled issue: whether a claim for failure to furnish itemized wage statements under California Labor Code 226(a) accrues when the final post-separation payment of wages is due, or when overdue wages are untimely paid. ECF No. 108 at 5. The statute provides that "[a]n employer, *semimonthly or at the time of each payment of wages*, shall furnish to their employee . . . an accurate itemized statement in writing . . . ." Cal. Lab. Code § 226(a) (emphasis added).

Resolving this issue, the Court's order denying in part the motion to dismiss the Fourth Amended Complaint—which is the subject of the present motion for certification of an interlocutory appeal—concluded as follows:

> [T]he plain language of the statute states that wage statements are due "at the time of each payment of wages." Iravanian's last payment of wages was October 20, untimely though that payment may have been. It is Defendant's burden to justify dismissal at this stage and they have marshaled neither persuasive authority nor argument sufficient to convince the Court that Iravanian's wage statement claim accrued before October 20.

The motion to dismiss raised timeliness only in broad terms, arguing that a PAGA plaintiff has one year and 65 days of separation from her employer to file the complaint. ECF No. 94 at 24.

The Court rejected that argument, finding that a PAGA plaintiff in fact has that length of time to file her complaint *from the last violation*, which may postdate her date of separation. *See, e.g.*, *Carter v. Golden Gate Freightliner Inc.*, No. 19-CV-02034-JSC, 2019 WL 5864576, at *4 (N.D. Cal. Nov. 8, 2019). In opposition, Iravanian argued that her overtime and wage statement claims accrued on October 20, 2021, when Defendant issued her final paycheck. ECF No. 98 at 19.

Defendant's reply then touched on wage statement violation accrual under Section 226(a) for the first time. Its argument was sparse, stating that "California law requires final wages be paid at termination (or within 72 hours for certain resignations), and section 226(a) requires the statement 'at the time of each payment of wages.' . . . On Plaintiff's own allegations, any section 226(a) obligation came due at termination, not on an unpleaded, hypothetical later semimonthly date." ECF No. 99 at 14–15. It cited *Smith v. Superior Court (L'Oréal USA, Inc.)*, 39 Cal. 4th 77, 82 (2006); *McLean v. State*, 1 Cal. 5th 615, 620–21 (2016); and *Williams v. Alacrity Sols. Grp., LLC*, 110 Cal. App. 5th 932, 942 (2025). *Smith v. Superior Court* and *McLean v. State* do not even mention wage statements or Section 226. *Williams v. Alacrity Solutions*, likewise, contains no discussion of timeliness in light of Section 226's text.

That was the extent of Defendant's argument.[1] It cited inapposite cases. It asked the Court to contradict the plain language of the statute without any supporting authority or persuasive argumentation about why "the time of each payment of wages" should be understood to mean "the time that each payment of wages is due."

The final judgement rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this

[1] An additional paragraph of the reply is dedicated to distinguishing Iravanian's cited cases on this point, *Carter v. Golden Gate Freightliner Inc.*, No. 19-CV-02034-JSC, 2019 WL 5864576, at *6 (N.D. Cal. Nov. 8, 2019) and *Slay v. CVS Caremark Corp.*, No. 1:14–cv–01416–TLN–GSA, 2015 WL 2081642, at *6–7 (E.D. Cal. May 4, 2015). Neither case resolves whether a Section 226(a) claim accrues when wages are due or when overdue wages are paid. *Carter* concerned a wage statement claim that accrued on the "regular semimonthly date that Defendant distributed its wage statements" subsequent to the date of termination. 2019 WL 5864576, at *6. And *Slay* rejected the plaintiff's argument that the limitations clock had not yet begun to run because no wage statement had yet been received—but the final wage payment *had* been received and any wage statement claim tracing to that date was time barred. *Slay*, 2015 WL 2081642, at *6–7, 9 n.9.

United States District Court
Northern District of California

section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." *Id.*

"Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Section 1292(b) is a departure from the normal rule that only final judgements are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).

Assuming for the sake of argument that the first two requirements for interlocutory appeal are met, certification under § 1292(b) is nonetheless unwarranted because certification would not "materially advance the ultimate termination of the litigation." The Court's order denying in part and granting in part Defendant's motion to dismiss left most of Plaintiff's claims intact. *See* ECF No. 103. "Therefore, immediate appeal of this issue will not materially advance the ultimate termination of this litigation given that other issues would have to be determined in order to resolve Plaintiff's claims." *Krabach v. King Cnty.*, No. 2:22-CV-1252-BJR, 2023 WL 6377557, at *3 (W.D. Wash. Sept. 29, 2023) (citation omitted); *Piper Jaffray & Co. v. Mktg. Grp., USA, Inc.*, No. 06-CV-2478H, 2007 WL 2316996, at *1 (S.D. Cal. Aug. 9, 2007) (finding that "the determination of these issues would not materially advance the ultimate termination of the litigation since other issues would have to be determined in order to resolve Plaintiff's claims"); *Barbara v. HERE N. Am., LLC*, No. 16-CV-01650-RS, 2018 WL 1609352, at *2 (N.D. Cal. Apr. 3, 2018) (concluding that "because Barbara's other claims will survive regardless of what happens to the race harassment claim, certification of this question to the Ninth Circuit will not materially advance the ultimate termination of this litigation").

There is an additional reason to deny the motion for interlocutory appeal: Defendant seeks to make arguments that it never made in litigating the motion to dismiss. In its motion for certification, Defendant relies on cases it didn't previously cite, raises points of statutory interpretation and analysis it didn't raise before, draws on the Department of Labor Standards Enforcement's framework for the first time, and advances the novel argument that the Court's interpretation of the statute would create perverse incentives for employers to avoid paying overdue wages. ECF No. 108 at 12–15.

This Court agrees with colleague courts that reject attempts to use motions for an interlocutory appeal to raise arguments that were never before the Court. *See Shedd v. Wells Fargo Bank, N.A.*, No. CV 14-0275-WS-M, 2016 WL 4565775, at *4 n.6 (S.D. Ala. Aug. 31, 2016) ("None of these arguments or authorities were presented by plaintiffs in briefing the Motion for Judgment on the Pleadings. . . . It would make little sense, and would be inefficient to the extreme, to allow a litigant on interlocutory appeal to present previously available arguments to the appellate court that it never articulated to the district court."); *Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2022 WL 2208824, at *2 (N.D. Ill. June 21, 2022) ("There's no basis to certify an order for interlocutory appeal based on a contention that the moving party did not advance when it argued the issue before the Court in the first instance."); *Rodriguez v. Procter & Gamble Co.*, 499 F. Supp. 3d 1202, 1209 (S.D. Fla. 2020) ("P&G does not explain its failure to include these particular discussions or citations in its motion or during oral argument. Consequently, because courts have consistently rejected attempts to raise new arguments in a motion for interlocutory appeal, P&G's new arguments will not be considered at this juncture."). Because Defendant failed to justify applying the statute of limitations to bar Iravanian's claims, the more robust presentation Defendant now seeks to make to the Ninth Circuit has been effectively forfeited.

For all these reasons, the motion for certification of an interlocutory appeal is denied. ECF No. 108.

Defendant has also filed a motion for leave to file a motion for reconsideration concerning the Court's use of August 20, 2021 as Plaintiff's last day of compensable work; Defendant argues that the last day of compensable work is instead August 6, 2021—the last day for which Iravanian

United States District Court
Northern District of California

identifies a "concrete, claim-specific violation." ECF No. 109 at 3. The Court will deny this motion for two reasons. First, Iravanian's last day of work does not materially affect the issues remaining in this case and, as Defendant concedes, is only relevant to the motion for certification. That is because the statute allows wage statements to be provided "semimonthly or at the time of each payment of wages," and a semimonthly date based on a last day of work of August 20 could fall within the statute of limitations. Cal. Lab. Code § 226(a). Because the Court has already denied the motion for certification for reasons not affected by the precise last day of work, it does not provide a reason to reconsider the Court's dismissal order. *Id*. at 5–6.

Second, Defendant argues that reconsideration is justified under Civil Local Rule 7-9(b) because it has identified "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Id*. at 4. The alleged failure was that "the Order [on the motion to dismiss] appears to have treated the allegation that Plaintiff's 'last day of employment' was August 20, 2021 as equivalent to an allegation that she performed compensable work through that date." *Id.* at 3. The Court sees no failure to consider. The Fourth Amended Complaint alleges that August 20 was "Plaintiff's last day of employment." ECF No. 89 ¶ 156. In the context of alleged misclassification as an independent contractor, it is not clear what the last day of employment means if not the last day of work. Moreover, Defendant itself conceded in its reply brief that "Plaintiff last worked on August 20, 2021 (FAC ¶ 62)[2]." ECF No. 99 at 14. The motion for leave to file a motion for reconsideration is denied. ECF No. 109.

**IT IS SO ORDERED.**

Dated: August 28, 2026

JON S. TIGAR
United States District Judge

[2] The citation to this paragraph of the Fourth Amended Complaint appears to have been in error.